MILLER & CRIGLAR, APPELLANTS, VS. JOHN KINGSBURY, APPELLEE.

1. It is a well settled rule of practice, both in the English and American Courts, that on demurrer the Court will consider the whole record and give judgment for the party who on the whole appears to be entitled to it.

2. Where there is one good count in the declaration and the record contains no bill of exceptions incorporating the evidence adduced at the trial, the legal presumption is that it was sufficient to sustain the judgment under that count.

3. The appellate Court will intend that everything necessary to sustain the verdict was proved unless the omission was taken advantage of by exception in the Court below.

This case was decided at Marianna.

Appeal from Santa Rosa county.

This was an action of assumpsit. Besides the usual money counts, the declaration contained a special count, as follows: "For that whereas the said defendant Miller, on the 16th day of May, 1855, made and delivered to the said John Kingsbury his certain promissory note in writing in the following words and figures, to wit: On the sixteenth day of December next, I promise to ·pay to John Kingsbury, or order, seven hundred and fifty-four dollars

and thirty-one cents in lumber, at the mill on East Bay, said lumber to be valued by Messrs. A. McVoy & W. J. Keyser and to be sawed according to bill furnished by said Kingsbury, and to be merchantable, with eight per cent. interest until paid.

(Signed,)     WILLIAM MILLER.

Milton, May 16th, 1855.

"Which promissory note was then and there endorsed by the said W. L. Criglar, whereby he became a party to the aforesaid promissory note and equally bound with said William Miller to pay the said sum of money in lumber to the said plaintiff; and whereas the said plaintiff was, on the 16th day of December, 1855, and still has been ready to receive the said lumber, at the Mill on East Bay, according to the bill furnished by him to the said William Miller; and whereas the said William Miller and the said W. L. Criglar did not either of them deliver to the said plaintiff at the mill on East Bay, or anywhere else, any of the said lumber, and still refuses to deliver the same; and whereas the said defendants, in consideration of the premises then and there, to wit: at Santa Rosa county aforesaid, did promise to pay the aforesaid sum of seven hundred and fifty-four dollars and thirty-one cents to the said plaintiffs in lumber, according to the tenor and effect of the aforesaid promissory note," &c.

Seven pleas were filed by the defendants, the last of which alleged, "that the said William Criglar, for plea to the first count in the said plaintiff's declaration, says that the said plaintiff did not give him notice of the non-payment of the said promissory note by the said William Miller upon the presentation of the same to him for payment, and this he is ready to verify," &c.

Plaintiff replied to the first six pleas and demurred to the last, assigning as ground of demurrer that "the said

promissory note declared on is not negotiable, and that the said William Criglar was an original party maker thereof and primarily liable to be sued thereon, and therefore not entitled to the notice of the non-payment thereof by the said William Miller."

The demurrer being sustained, the defendants withdrew all the other pleas and a judgment by *nil dicit* was taken by the plaintiff, from which defendants appealed.

*W. E. Anderson* for appellants.

*Yonge & McClellan* for appellee.

DuPONT, J., delivered the opinion of the Court.

This was an action of assumpsit brought by the appellee against the appellants upon a written agreement, which contained a promise to pay a certain sum of money *in lumber*, to be delivered at a certain place and to be valued by certain persons therein named, according to a bill to be furnished by the payee. The declaration contained a special count on the agreement, and very improperly designated it a "promissory note." The usual money counts were also embraced in the declaration. Seven pleas were interposed by the defendants below, all of which were replied to except the last, to which there was a demurrer. The demurrer to this plea was sustained, and thereupon the defendants voluntarily withdrew all of the other pleas and suffered a judgment to be taken by *nil dicit*. To reverse this judgment the cause is brought to this Court.

The only exception contained in the general assignment of errors that we deem necessary to be considered is in the following words: "That the declaration being defective as well as the plea, the Court should have given judgment for the defendants." It is a well settled rule of practice, both in the English and American Courts, that, on demurrer, the

Court will consider the whole record and give judgment for the party who on the whole appears to be entitled to it. Thus, on demurrer to the replication, if the Court thinks the replication bad, but perceive a substantial fault in the plea, they will give judgment, not for the defendant, but the plaintiff, provided the declaration be good; but if the declaration also be bad in substance, then, upon the same principle, judgment would be given for the defendant.— Ste. on Plea., 162. Thus, too, if there be a demurrer to the plea, it will reach back to the declaration, and, if that be bad, the judgment will be for the defendant. This doctrine was enunciated and acted upon by this Court in the well considered case of Parkhill's adm'rs vs. the Union Bank of Florida, (1 Flo. Reps., 110.) In the opinion delivered in that case, the Court say: "If the pleading be bad, judgment shall be had against him who made the first default; and it matters not whether the issue be of law or fact, whether the cause has proceeded to issue or not, the Court is always bound to examine the whole record and adjudge for the plaintiff or defendant according to the legal right as it on the whole appears." Looking into this record, we perceive that the *special count* of the declaration is manifestly faulty and wholly insufficient to sustain the judgment of the Court below. It only remains, then, to consider whether there is enough in the record, independent of the special count, to save the judgment. It will be noted in this connection, that, in addition to the count upon the special agreement, the declaration contains all of the usual money counts. These latter counts seem to be unobjectionable, and as the record contains no bill of exceptions incorporating the evidence adduced at the trial, the legal presumption is that it was sufficient to sustain the judgment upon these counts.

14

"The appellate Court will intend that everything necessary to sustain the verdict was proved unless the omission was taken advantage of by exception in the Court below." 11 Barb. S. C. Reps., 205.

The same doctrine has been repeatedly enunciated by this Court and is strictly applicable to the case now under consideration.—Dorman vs. executors of Richard, 1 Flo. Reps., 281.

Our statute would also seem to support this view of the law. It says, that "no judgment after verdict of a jury or an award of arbitrators shall be stayed or reversed for any defect or fault in the original writ, or for a variance between the writ and declaration, or for any mispleading, insufficient pleading or misjoining of the issue, or for any faulty count in a declaration where the same declaration contains one count or more which is or are good, or for any informality in entering up the judgment by the Clerk," &c., &c.—Thomp. Dig., 351.

Notwithstanding the very great defects in the special count, we are nevertheless constrained, by the position which the case is made to assume before us, to sustain the judgment under the common counts.

The judgment will therefore be affirmed with costs.