## Case No. 9,917.

### MULLER et al. v. The IGINIA.

[N. Y. Times, Jan. 7, 1863.]

District Court, S. D. New York. Jan., 1863.

CARRIERS—MARITIME TORT—DAMAGE TO CARGO—PRESUMPTION OF NEGLIGENCE—PRESSURE—PERIL OF THE SEA.

[1. Damage to cargo raises an inference that it was caused by the carrier's negligence, rather than by perils of the sea.]

[2. Pressure of one part of a cargo upon another is not a peril of the sea.]

[This was a libel by George J. Muller and others against the ship Iginia, her tackle, etc., for damage to cargo.]

This was a libel filed to recover the value of two casks of wine, shipped, with others, on board the vessel at Antwerp, consigned to the libelants at New York. These two casks, on the arrival of the vessel, were found to be empty. The bill of lading was in the usual form, having the usual exception of losses by perils of sea. These casks were stowed in the ground tier. The evidence was, that the casks themselves were sound, and that they did not shift on the passage over. The respondents proved that the vessel experienced heavy weather, which lasted most of the time for forty days, and that during this time the water brought up by the pumps had a smell of wine. The port warden here certified that the leakage was "apparently caused by working, or pressure of the cargo."

Kaufman, Frank & Wilcoxson, for libelants.

Dukes & Sullivan, for respondents.

Before SHIPMAN, District Judge.

HELD BY THE COURT. That the burden of proof that the loss was occasioned by the perils of the sea is upon the carriers. The Martha [Case No. 9,145]; Bearse v. Ropes [Id. 1,192]; The Emma Johnson [Id. 4,465]. That if the loss of the wine can be fairly attributed to the force of the gale, which the master of the vessel took every precaution to provide against, but failed from no fault of his own, then it falls within the exception of the bill of lading. That on the evidence the proximate cause of the damage was the too heavy pressure to which the casks were subjected by the weight of the cargo upon them. That this was a danger which could and should have been provided against, and the consequences of which must be charged to the ship, and not to the sea.

Decree for libelants for $170.25, the value of the wine, with interest from date of filing the libel.

MULLER (JENNINGS v.). See Case No. 7,-282.

MULLER (POTTER v.). See Cases Nos. 11,-333 and 11,334.

MULVANEY (UNITED STATES v.). See Case No. 15,833.

## Case No. 9,918.

### MUMFORD v. MUMFORD.

[1 Gall. 366.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1812.

PARTIES—ALIEN ENEMY.

An alien enemy cannot sustain a suit in the courts of the United States.

This was a bill in equity [by Joseph Mumford against Henry Mumford], upon the face of which it appeared, that the complainant was an alien enemy, to wit, a subject of the king of the United Kingdom of Great Britain and Ireland, resident within the realm thereof. It was admitted by the counsel on each side, that the fact was truly stated, and thereupon THE COURT ordered the bill to be dismissed, being of opinion that an alien enemy has no persona standi in judicio, and cannot prosecute any suit in the courts of this country. Daubigny v. Davallon, 2 Anstr. 462. Bill dismissed.

Mr. Burrill, for complainant.

Mr. Crapo, for respondent.