JOSEPH RUSS, ADMINISTRATOR OF THE ESTATE OF CAROLINE GORRIE, DECEASED, APPELLANT, VS. THOMAS MITCHELL, APPELLEE.

1. The rule that on demurrer the Court will consider the whole record, and if the pleading be bad, judgment shall be had against him who made the first default, &c., is abrogated by the 14th section of a statute of this State, entitled "an act to amend the pleading and practice in the courts of this State," passed the 8th February, 1861.

2. Under the statute which provides "that summons ad respondendum shall be made returnable to the court having jurisdiction over the county

Russ vs. Mitchell—Opinion of Court.

in which the defendant resides or the cause of action accrued, and the cause shall not be tried in any other county," a *privilege* is extended to persons residing in a county to be sued in that county; also a privilege to a plaintiff to bring his action in the county in which the cause of action accrued, although said county may not be the residence of the defendant, *provided* service of the process necessary to bring the defendant into court can be perfected.

3. An alien enemy may be made a party defendant, and when made a party by personal service or otherwise, may, by permission of the court, be heard in his defence by attorney, or the court may appoint counsel in its discretion.

4. The jurisdiction of a Circuit Court of this State is co-extensive within the district, therefore, the privilege extended to persons residing in a county to be sued in that county may be waived, and the privilege will also become nugatory if the defendant becomes an alien enemy during the pendency of the suit.

5. Where a defendant pleads the privilege extended to persons residing in a county to be sued in that county, it is competent for the plaintiff to reply that since the service of the summons and before the plea made, the defendant hath voluntarily become an alien enemy, and if the facts sustain the plea, the privilege may be considered as nugatory, and the court proceed to judgment as if no such privilege had ever existed.

6. To authorize the striking out of a plea on motion, it must not only be informal and bad, but it must be wholly irrelevant.

Judgment reversed and cause remanded.

This case was decided at Tallahassee.

Appeal from Gadsden Circuit Court.

A statement of the case is contained in the opinion of the court.

*D. P. Holland* for Appellant.

*M. D. Papy* and *T. J. Eppes* for Appellee.

FORWARD, J., delivered the opinion of the court.

This is an action of assumpsit instituted in the Circuit Court of Gadsden county by the appellant against Mitchell,

the appellee, for the recovery of the value of two negro men, slaves, hired by the appellant to the appellee for the year 1862, which slaves it is alleged in the declaration were lost to the appellant in consequence of the carelessness, misman agement and imprudence of the appellee.

The summons ad respondendum was issued on the 22d June, 1863, and was on the same day personally served upon said appellee, in said county of Gadsden, he then being in said county.

At the fall term of said court, to-wit: on the 12th day of October, A. D. 1863, the plaintiff filed declaration, and on the 16th day of October, 1863, the following plea thereto was made for appellee, viz:

"And the said defendant, by M. D. Papy and T. J. Eppes, his attorneys, prays judgment of the said declaration because he says that the said supposed cause of action in the decla ration mentioned, (if any there was,) accrued in the county of Franklin, in the Western Judicial Circuit of the State, and not in the county of Gadsden; and that the said defend ant, at the commencement of this suit and the time of the issuing of the summons, was a resident of said county of Franklin and entitled under the statute in such case, made and provided, to be sued in said county of Franklin and in no other. And this he is ready to verify, wherefore he prays judgment of the said declaration, and that the same may be quashed."

Which plea was put in on oath made by Mr. Eppes, one of the attorneys of the appellee.

To this plea the plaintiff in the suit in the court below made the following reply, viz:

"For replication to the plea filed in this cause the plain tiff says, that the said Thomas Mitchell is a native of the United States of America and an alien enemy of the Con federate States and of the State of Florida; that after the service of the writ in this cause was made upon him, that

Russ vs. Mitchell—Opinion of Court.

the said defendant went to the United States naval forces and carried with him his son, whom the defendant caused to desert the armies of the Confederate States, and the defendant then removed to the United States of America; that all this took place after the summons ad respondendum had been served upon him, and prior to the declaration having been filed in this cause. She, therefore, prays judgment."

To this replication the defendant in that court demurred, and assigned the following cause of demurrer:

*First.* For that the matters alleged in the said replication are not a sufficient answer in law to the plea in abatement, filed by the said defendant.

*Second.* Because the said replication presents an immaterial issue.

*Third.* Because the said replication is otherwise insufficient in law.

Which demurrer, as appears by the bill of exceptions, was sustained by the court, and the judgment of the court thereon excepted to.

Thereafter the appellant made the following motion, to-wit:

" The plaintiff in this cause, by D. P. Holland, her attorney, moves the court to cause the plea filed in this cause to be taken off the files, and asks for judgment, for the following reasons:

" 1st. That the said Thomas Mitchell is an alien enemy of the Confederate States and of the State of Florida, and cannot appear in this court by attorney.

" 2d. Because since the service of the writ was made on the defendant, and prior to the filing of the declaration, the said defendant, who was a native of the United States, went to the naval forces of the United States of America and removed back to the United States of America, and that he cannot appear by attorney in this court."

Which motion was overruled by the Court and the ruling thereof excepted to.

Thereupon judgment was entered for the defendant upon the said plea in abatement, and the said declaration ordered to be quashed. From which judgment appeal is taken to this court.

The first question presented in the argument of the counsel for appellant is to the form of the above plea in abatement. It is contended that the demurrer to the replication opens the pleadings, and that the first error is open for consideration. In this case the plea concludes with praying "judgment of the said declaration, and that the same may be quashed," which conclusion, it is urged, is erroneus.

It has been the repeated rulings of this court, as laid down in Miller & Crigler vs. Kingsbury, 8 Florida, 359, that on demurrer the court will consider the whole record and give judgment for the party who on the whole appears to be entitled to it, or as was stated in the case of Parkhill's Admr's vs. The Union Bank of Florida, 1 Florida Reports, 110, "if the pleading be bad, judgment shall be had against him who made the first default, and it matters not whether the issue be of law or fact, whether the cause has proceeded to issue or not, the court is always bound to examine the whole record and adjudge for the plaintiff or defendant, according to the legal right as it on the whole appears."

Upon looking into the rules of pleading we learn that the utmost accuracy is required in framing mere dilatory pleas, including the plea in abatement, for the reason that courts have not been disposed to favor them, so strict have they held the rule that the slightest deviation, either in the commencement or conclusion, from the forms, will be fatal. 1 Chitty on Pleading, fifth American edition, page 395. Pleas to the jurisdiction and personal privilege to be sued in another court, says Chitty, usually commence without any prayer of judgment and conclude, and this he, the said

Russ vs. Mitchell—Opinion of Court.

plaintiff, is ready to verify; wherefore he prays judgment, if the said court, &c., will or ought to take cognizance of the said plea, or whether he ought to be compelled to answer. In the present case the conclusion of the plea is, according to the well settled forms, defective; but this defect is cured by a statute of this State, entitled "an act to amend the pleading and practice in the Courts of this State," passed the 8th February, 1861, which provides in the 14th section thereof that "the court shall proceed and give judgment on demurrer to the pleadings according as the very right of the cause and matter in law shall appear unto said Court, without regarding any imperfection, omission, defect in or lack of form; and no judgment shall be arrested, stayed or reversed for any such imperfection, omission, defect in or lack of form."

Having disposed of this branch of the case, we next proceed to consider the replication and the demurrer thereto.

The statute of this State declares, that "summons ad respondendum shall be made returnable to the Court having jurisdiction over the county in which the defendant resides or the cause of action accrued, and the cause shall not be tried in any other county," &c. See Thompson's Digest, page 326.

It was under this statute the plea under consideration was filed, and it involves a construction of the meaning thereof. Is it declaratory of the jurisdiction of the Circuit Court? We think not. The Circuit Court has jurisdiction over all its area. The moment a man enters within the limits of a court, he comes within the jurisdiction of the court held in that circuit, and it is only those who have the personal privilege to be sued in another county or another court, that are not liable to suit and judgment within the circuit. It is a privilege extended to persons residing in a county to be sued in that county; a personal privilege to be sued in the county in which he resides. It goes further; it gives to a creditor the right to sue his debtor in the county in which

the debt was contracted, provided he can make service of the proper initiatory process upon him, and it gives the right to bring any action in the county in which the cause of action accrued, provided service of such process can be perfected so as to bring the defendant into court. It is like the privilege given to peers of the realm in England and to attorneys of courts, &c.

Having thus construed the statute, let us see what are the facts in this case.

The demurrer admits all that is set forth in the replication, which, with the facts appearing in the record, are in substance as follows, to-wit: That a summons was issued out of the Gadsden Circuit Court, in the Middle Circuit, returnable to said court; that personal service was made thereof, upon the said defendant in said county of Gadsden; that at the time the process was served upon him, the said defendant resided in Franklin county, in the Western Circuit; that after the service of said summons upon said defendant, and before the declaration was filed, he, the said defendant, being a native of the United States of America and an alien enemy of the Confederate States and of the State of Florida, went to the United States naval forces and carried with him his son, whom the defendant caused to desert the armies of the Confederate States, and the defendant then removed to the United States of America. Which, in condensed language is, so far as it relates to this suit, the voluntary removing out of the country, becoming an alien enemy and traitor, after suit brought against him and while the same is pending.

With this statement of facts before us the question arises, what effect has this becoming of an alien enemy by the defendant upon the suit pending? It is contended, first, on the part of the appellant, that the plea in abatement is not to be considered by the court, because the defendant thus being an alien enemy and traitor appears by attorney and makes the plea for him; that he cannot appear by

Russ vs. Mitchell—Opinion of Court.

attorney because he is an alien enemy, and by the laws and usages of warfare, an attorney cannot represent him in said court; that it would be furnishing aid and comfort to the enemy, and, therefore, contrary to law. Secondly. That as the defendant voluntarily removed from the State, and voluntarily became an alien enemy while the suit in which service of process had been personally made upon him was pending, that, therefore, he had no residence in Franklin county, and the privilege of being sued in that county ceased in consequence of his own act.

In answer to this it is urged by the counsel for appellee that the statute is imperative and prohibits the court from trying the case in any other county, and that the defendant, though an alien enemy, has the right to appear by attorney and be heard in defence in the suit brought against him.

There is no doubt that an alien enemy cannot bring a suit. The law of nations and the practice of courts forbids this; and if the disability accrues by war, pending the suit, then it can be pleaded in abatement, as it only suspends the action. 1 Chitty on Pleading, 420, fifth American edition.

It is equally clear that an alien enemy who cannot be made a party plaintiff, may be made a party defendant. In the first volume of Daniel's Chancery Practice, page 231, under the head of "persons outlawed and attainted or convicted of treason or felony," that distinguished author says: "It is said that all persons disabled by law to institute or maintain a suit, may, notwithstanding, be made defendants in a court of law, and cannot plead their own disabilities; and it is presumed that this rule would also be adopted in courts of equity, where the suit seeks to establish a pecuniary demand against the party." It has been decided in many cases that a defendant cannot plead his own attainder to an action brought against him for debt or trespass. Banyster vs. Trussell, Cro. Eliz., 516.

Contracts existing prior to the war are not extinguished,

but the remedy is only suspended, and this from the inability of an alien enemy to sue or to sustain, in the language of the civilians, *a persona standi in judicio.* 1 Kent 77; Mumford vs. Mumford, 1 Gallison, 366.

The reason given for this is, that if they were permitted to recover it would afford aid to the enemy in an effectual manner, by enabling the enemy's country to support their government, while it would so much weaken the other belligerent. Griswold vs. Waddington, 15 Johnson's Law Reports, 57.

In the case of an alien enemy defendant the rule is different, for if, in the course of the proceedings to which the alien enemy is thus a party, there should be a judgment by set off or otherwise, under which money would be paid to him, it would either become vested in our government by sequestration or forfeiture, or the court would declare his inability to receive it until the restoration of peace. *Ex parte* Boussmaker, 13 Ves. 92.

If the appellant in this case could by the practice of the court be still recognized as party defendant, or could be made a party defendant, then upon the general principle that no person can be made a party to a suit against whom no judgment can be asked, he would be entitled to be heard in his defence. If he can be heard in his defence, it follows that by every principle of justice and rule of practice, permission is given him to appear by attorney.

It is argued that as a consequence of war, all intercourse or traffic with the enemy is prohibited, and contracts made during the war, are void and therefore attorneys of this court cannot be employed to appear for such a defendant. This is true as a general principle, and is applicable to all commercial relations, without the express permission of the government. There are, however, exceptions to this rigorous rule arising out of a public necessity created by the war itself. Antoine vs. Morehead, 6 Taunt. 237.

Russ vs. Mitchell—Opinion of Court.

We do not think the appearance of attorney in this case is a commercial transaction or one within the policy and meaning of the restriction.

It would be revolting to the rules of justice which govern a court, to drag therein a party, and then say to him, although you are properly before the court, you are an alien enemy and shall not be heard, yet judgment shall be rendered against you.

We are of the opinion that an alien enemy may be made a party defendant to a suit in our courts, and that when made a party, may be heard by attorney in his defence. The organization of our courts, and rules and practice thereof, give the permission, subject to be withheld in a proper case, at the discretion of the court.

The next point to be considered is the validity of the plea in abatement and the replication thereto. As we have already stated, this plea is not a plea to the jurisdiction of the court as at common law, but is a plea of privilege, the defendant claiming a disability to be sued in any other court than the one holden in and for the county of Franklin, in which he says he resides. The replication in substance says in answer, that since writ was issued and served, the defendant, by his own voluntary act, has become an alien enemy, and therefore ceased to be a resident of Franklin county.

When an attorney in England ceases to be an attorney of the court, his privilege from arrest ceases; so when a peer ceases to be a peer, his privilege as to suit by bill ceases, and we can see no reason why in this case the privilege extended to the said appellant should not be withheld when he voluntarily became an alien enemy and a traitor. He was served in Gadsden county—the court of the Middle Circuit had jurisdiction over him, and would pass judgment in the case were it not for this privilege granted by statute, to-wit: the privilege of being sued in the county where he resides, and

12

the inhibition of the court, which we will consider presently. Were the court, under the state of facts admitted by the demurrer in this case, to hold this privilege as still existing, merely because, at the time the writ issued, he, the said defendant, claimed a residence in Franklin, which residence no longer exists, it would be allowing the defendant to take advantage of his own wrong—allowing a privilege in direct violation of the policy of the statute—a defeating of justice to one of our own citizens by a traitorous act of the party claiming the privilege. If, in the case of a neutral's becoming an alien pending the suit, he is subject to a disability to sue, and that disability can be plead, we see no reason why the same rule will not authorize a reply to the plea in the cause at bar— that during the pending of the suit the defendant ceased to have a residence, and therefore the privilege should be withheld by the court.

Will the court permit itself to be permanently barred in trying a cause, over which it had jurisdiction by personal service of process within its limits, by a privilege which was granted in good faith but attempted to be perverted to a denial of jurisdiction forever? We think not. We are, therefore, of the opinion that, under the facts admitted in this case, the replication was authorized and a good reply to said plea.

The remaining point to be considered is as to the prohibition, which it is contended is imperative upon the court below, to-wit : " *and the cause shall not be tried in any other county.*" This inhibition extends we think entirely to the trial of the cause. If the defendant has ceased to have a residence in this State, and there is no doubt, so far as the admission in the pleadings is to be credited, he has, then it becomes an inapplicable provision.

Under the view which we have taken of the pleadings in this cause, it becomes unnecessary to consider the motion to strike out, other than to say, we see no error in the refusal

of the court to grant the motion, because the rule of law being that to authorize the striking out of a plea on motion, it must not only be informal and bad, but it must be wholly irrelevant. A demurrer is the proper remedy. 1 Tidd's Pr., 610.

It is ordered and adjudged that the judgment of the said Circuit Court be reversed and this cause remanded back to the court holden in and for the county of Gadsden, with leave to the parties to make up their pleadings and proceed to trial upon the merits, the defendant being allowed to appear by his said attornies.