COLE MOTOR CAR COMPANY, a corporation, *Plaintiff in Error*, vs. D. B. O'KELLY, *Defendant in Error*.

Division B.

Opinion filed April 15, 1931.

*McCoy & Holcomb,* of Miami, for Plaintiff in Error;
*Worley & Worley,* of Miami, for Defendant in Error.

DAVIS, J.—The Cole Motor Car Company sued D. B. O'Kelly as maker of four certain promissory notes given to one W. P. Dorough. Dorough is alleged to have endorsed the notes to plaintiff. The declaration was in the usual form as to the promissory notes sued on, and contained some of

the common counts in assumpsit. Two pleas were filed to the special count on the notes.

By these pleas it was averred in substance that the consideration for the notes sued on had *wholly and entirely* failed because the notes were given as part of the purchase price of an automobile to Dorough as agent of the plaintiff, who represented that the automobile being purchased was a new automobile of a certain year's model and in good working order and not a second hand or used car, whereas, in fact, when defendant took said car, and began to drive it, same began to go to pieces in a very short time, to-wit: less than thirty days, and that defendant thereafter discovered that said car was not in good running order and was of a different and previous year's model, in consequence of which the consideration *wholly* failed.

The only substantial difference between the first plea and the second plea related to showing the status of plaintiff as not being a bona fide holder of the notes for value, without notice of the defense asserted.

Issue was joined on the pleas and on trial before a jury a verdict and judgment was rendered in favor of defendant.

To the plaintiff's amended declaration the defendant had interposed a demurrer which was over-ruled before the pleas were filed.

This demurrer although interposed by defendant to plaintiff's amended declaration might have been, if taken advantage of, sufficient to reach the pleas to that declaration, if such pleas are in substance defective, because a demurrer opens up all the pleadings in a cause at law and judgment will be given on such demurrer against the party who committed the first error. Parkhill v. Union Bank, 1 Fla. 110; Kirton v. A. C. L. Ry. Co., 57 Fla. 79, 49 So. 1024; A. C. L. Ry. Co. vs. Beazley, 54 Fla. 311, 45

So. 761; American Fire Ins. Co. v. King Lumber Co., 74 Fla. 130, 77 So. 168.

But in the absence of a demurrer applicable to pleas which are immaterial, defective or demurrable, the rule is that where issue is joined upon such pleas, the plaintiff cannot withdraw the issue made thereon from the consideration of the jury sworn to try those very issues, and if the evidence presented sustains the pleas, the defendant has the right to have the court charge the jury upon such pleas. Evans v. Klopel, 72 Fla. text 277, 73 So. 180.

What has just been said disposes of all assignments of error urged here attacking the rulings of the court below in receiving evidence in support of the pleas and in charging the jury on the issues made by such pleas, because plaintiff in error can have no complaint here, if the court received evidence or charged the jury in accord with the pleas on which issue was joined even though such pleas present no valid defense.

Reversal is sought here on the insufficiency of the *defense attempted to be presented by the testimony* offered at the trial, but in the Circuit Court the plaintiff in error neither demurred to the pleas interposed, nor did it ask the court to visit defendant's own demurrer on such pleas. Neither has plaintiff in error subsequent to such trial and verdict made any appropriate motion or assigned any error in this court on the failure of the court below to enter a judgment in its favor on the special count in the declaration by which it set up its cause of action on the notes sued on.

The entire argument in support of reversal here is grounded on the claim that since the *evidence* shows defendant made no complaint about the automobile but operated the car he had purchased for a period of about two and one-half years after its purchase, and then ex-

changed the same for a lot in a sub-division, during which time defendant drove the car approximately sixty-five hundred miles, that there was no such failure of consideration as would be a defense to the enforcement of the promissory notes given for the purchase price, regardless of whatever other rights might exist in favor of the purchaser for breach of warranty or for fraud and deceit practiced. Curb v. Stewart, Adams & Co. 24, 210 Ala. 341; Hogan v. Anthony (Cal.), 198 Pac. 47; Blashfield Encyclopedia of Automobile Law, Vol. 3, page 2293.

It is unquestionably true that the well settled rule is that, where a party seeks to defeat an obligation he has given for the purchase price of an automobile on the ground that it is not the car purchased or the same kind or quality as that which he has purchased, he must return or offer to return such defective car within a reasonable time, or he will be held to have waived such defect. Moyer v. Hyde, 28 A. L. R. 695, 204 Pac. 1068, 35 Idaho 161. In such cases it is held that the purchaser cannot retain possession of the car, and then when sued on the notes he has given for the purchase price, set up as a defense, in an action to recover such purchase price, that it was not the car he purchased. Black on Rescission and Cancellation, Vol. 2, page 1388; Mizell v. Watson, 57 Fla. 111, 49 So. 149.

But objection under the foregoing rule was not taken to the pleas of failure of consideration, which it would appear, were plainly insufficient as a defense and demurrable not only under the authorities just cited, but under the holdings of this court in like cases. Reddick v. Mickler, 23 Fla. 335, 40 So. 499; Mizell v. Watson, 57 Fla. 11, 49 So. 149. On the contrary the objections that were taken were confined entirely to the admissibility of evidence at the trial

and to the charges of the court under the issues made before the jury.

It appears, however, that all the evidence admitted and each of the charges given, are in conformity to the issues made by the pleas on file, even though such pleas do not set up a defense which would be legally available to defendant. But plaintiff in error cannot complain of the admission of evidence and the giving of charges in harmony with the issues actually made before the jury, whether the attempted defense is good or bad, in view of the rule laid down in Evans v. Kloeppel, *supra*, and also Hood v. French, 37 Fla. 117, 19 So. 165.

It is also true that the assignments of error urged before this court must furnish the basis on which this court may reverse a judgment for mere error of procedure not going to the legal failure to set up a cause of action.

While we are always reluctant to appear technical in these matters, nevertheless we cannot justly hold trial judges in error for admitting evidence and giving charges consonant with pleas on which issue has been joined, because of our previous holdings to the effect that the trial judge must be guided by the issues as joined in common law cases, and must admit evidence and charge the jury accordingly.

Nor in the absence of some assignment of error made in this Court and directed at the propriety of the judgment for the defendant, can we hold the trial judge in error for not of his own motion in effect visiting the defendant's demurrer to plaintiff's amended declaration on defendant's own defective pleas, as we might otherwise do in an appropriate case where error is properly assigned to afford a basis for it. Capital City Bank v. Hilson, 59 Fla. 215, 60 So. 189.

So finding no reversible error in the record, the judgment rendered must be affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.