DAVID M. HANLEY v. GABLES TRUST COMPANY, a Florida Corporation, as Administrator *Cum Testamento Annexo De Bonis Non* of Estate of Lindsey Hopkins, Deceased.

3 So. (2nd) 725
Division A
Opinion Filed July 18, 1941
Rehearing Denied September 16, 1941

*Yonge & Anderson* and *Uly O. Thompson,* for Appellant;

*George H. Salley,* for Appellee.

BUFORD, J.—Plaintiff in error sued defendant in error in an action wherein he claimed damage alleged

to have accrued by reason of breach of a contract under seal by which Lindsey Hopkins, defendant's testate, during his lifetime contracted to sell a certain lot of land for $25,000.00.

The declaration alleged the terms of the contract by setting out the contract *in haec verba* and alleged that the plaintiff had contracted to resell the land at a profit of $12,500.00; that the vendor breached the contract and failed and refused to convey the land in conformity with the contract and alleged generally performance by the vendee of all conditions precedent to entitle him to a deed of conveyance in compliance with the terms of the contract.

A demurrer interposed to the declaration was overruled. Defendant filed certain pleas and the plaintiff demurred to the pleas.

The court entered an order on demurrer dismissing the case without prejudice, dismissal being on the ground that the only elements of damage recoverable were in the sum of less than $5,000.00.

An alternative writ of mandamus was issued by this Court requiring the court below to enter a proper judgment. Pending the writ in this court, the court below voluntarily entered another judgment as follows:

"This cause being considered by the Court in light of the Rule Nisi heretofore issued by the Supreme Court of Florida in the original proceeding there filed by the plaintiff subsequent to this Court's Order of Dismissal of June 18, A. D. 1940, and the Court, being of the opinion that its said Order should be vacated and the cause reinstated for the entry of this final judgment, upon consideration thereof,

"It Is Ordered and Adjudged that the Order of Dis-

missal herein filed on June 18, 1940, be and the same is hereby vacated and set aside, and the cause reinstated for the purposes hereof.

"It appearing that the proceeding now rests upon plaintiff's demurrer to defendant's pleas, upon which oral argument has heretofore been presented, and that in consequence the court may reconsider the legal sufficiency of the declaration by visiting back thereto the demurrer to said pleas (See viz.: Manley v. Union Bank of Florida, 1 Fla. [Branch] 110; Hooker v. Gallagher, 6 Fla. 351; Miller v. Kingsbury, 8 Fla. 356; Myrick v. Merritt, 22 Fla. 325; Cole Motor Car Co. v. O'Kelly, 133 So. 874, 101 Fla. 198; Henderson v. Morton, 147 So. 456, 109 Fla. 300, retaxation of costs den [1934] 152 So. 712, 114 Fla. 4; Taylor v. Thomas, 149 So. 397, 111 Fla. 252), the Court, upon a consideration of the entire record, being of the opinion that the declaration is insufficient in law, and that the plaintiff has no real cause of action, does hereby

"ORDER AND ADJUDGE that the plaintiff's demurrer to the defendant's pleas be and the same is hereby overruled, and final judgment is hereby rendered and entered for the defendant.

"DONE AND ORDERED at Miami, Florida, this 30th day of July, A. D. 1940."

To this judgment plaintiff sued out writ of error.

The declaration is sufficient to allege a cause of action for damages occasioned by the breach of the contract whereby the plaintiff was entitled to recover the amount paid on the purchase price, viz.: $1250.00. This is true because the contract in terms provided:

"The seller is to furnish an abstract showing title to be good and marketable, but in the event that the title shall not be found good and marketable, the seller

agrees to use reasonable diligence to make the said title good and marketable, and shall have a reasonable time so to do, and if after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller may, at his option, return the money this day paid and all moneys that may have been paid to him under this contract, and thereupon he shall be released from all obligations hereunder."—and the contract was pleaded in the declaration and the measure of damages was thereby fixed; but, the declaration shows on its face that the breach occurred and the damage accrued in 1925 and the record shows that the suit was instituted in 1938.

The declaration also shows the amount recoverable was less than the amount necessary to give the circuit court jurisdiction.

Among other pleas, the defendant pleaded the Statute of Limitations (Paragraph 5 of Sec. 2939 R. G. S., 4663 C. G. L).

Demurrer was filed to defendant's pleas and the demurrer was visited back on the declaration. Thereupon the Court entered the judgment, *supra,* on the pleadings. In this there was no error. See Collins v. Hall, 117 Fla. 282, 157 Sou. 646; G. L. Miller & Co. v. Carmichael-McCalley Co., 91 Fla. 1071, 109 Sou. 198.

The declaration showed on its face that the cause of action on which plaintiff could ever have recovered under the express terms of the contract as stated was for part of purchase price paid on the contract and was for less than the amount necessary to give the circuit court jurisdiction.

It follows that for the reason stated the judgment must be affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.