## SHANE, et al v. B. B. McCORMICK & SONS, Inc.

No. 61-880-L.

Circuit Court, Duval County.

December 14, 1961.

F. Bradley Kennelly, Jacksonville, for plaintiffs.

Mathews, Osborne & Ehrlich, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard upon defendant's motion to have the verdict herein set aside and judgment entered in accordance with defendant's motion for directed verdict, and in the alternative, defendant's motion for a new trial.

Throughout the proceedings herein, from defendant's motion for summary judgment through the arguments on the above mentioned motions, defendant has consistently taken the position that the essential elements necessary for the application of the doctrine of attractive nuisance have not been established by the evidence in this case.

The principal dispute revolves around whether or not the condition or thing constituting the attraction must be the instrumentality that causes the injury. To be more specific, the evidence in this case reveals that the minor plaintiff went on the premises of the defendant to pick blackberries and not for the purpose of playing on the several sections of a dismantled "crane, boom or tower", and neither that instrumentality nor any other artificial object on the defendant's property played any part in luring the minor plaintiff to the place where she was injured. Furthermore, it has been shown by the evidence that the minor plaintiff was aware of her mother's warnings not to play on the defendant's premises or on the various objects thereon and did not intend to violate her mother's warnings by "playing" on defendant's property or any object thereon. However, this court is of the opinion that all the essential elements for the application of the attractive nuisance doctrine could have been found to exist from the evidence including the element—"the children because of their youth do not . . . realize the risk involved in . . . coming within the area made dangerous by it [the condition]".

Even though the minor plaintiff in this case went upon the premises to pick blackberries, the jury was justified in finding, and apparently did find, that while she was aware of her mother's warnings and admonitions and even the danger of playing on "the dismantled crane, boom or tower", she still did not realize the risk involved in coming within the area made dangerous by the "dismantled crane, boom or tower" while *other* children were playing thereon for the purpose of picking blackberries, some of which were growing in and around or near said "dismantled crane, boom or tower".

The second major point raised by defendant's said motion is the asserted fatal variance between the allegations of the complaint and the evidence presented in support thereof. The allegations of the complaint claimed to be at variance with the proof are as follows, to-wit—

"That as a direct result of the nature and appearance of the dismantled crane, boom or tower and other equipment mentioned in paragraph 1 above, the plaintiff, Pamella Anne Shane, and other children were attracted to play on the dismantled crane, boom or tower and because of the negligence of the defendant in stacking the dismantled sections of crane, boom or tower in an unsteady and unstable manner as aforesaid, the said stack of dismantled crane, boom or tower sections fell upon the plaintiff, Pamella Anne Shane, while she and other children played on and around the same."

Construing the evidence as a whole, in a light most favorable to the plaintiff, it may be said that the jury was justified in finding from the evidence the following ultimate facts, to-wit—

"That as a direct result of the nature and appearance of the dismantled crane, boom or tower—children [not Pamella Anne Shane] were attracted to play on the dismantled crane, boom or tower and because of the negligence of the defendant in stacking the dismantled crane, boom or tower in an unsteady and unstable manner as aforesaid, the said stack of dismantled crane, boom or tower sections fell upon [the finger of] Pamella Anne Shane [while she was picking blackberries from bushes or thorns in and around said crane, etc.]".

This court recognizes the rule laid down in G. L. Miller & Co. v. Carmichael-McCalley Co., 109 So. 198, to the effect that where there exists a complete variance between the allegations of the complaint and the proof offered at the trial, it is the duty of the court to direct a verdict in favor of the defendant unless the complaint in due course and by proper amendments is made to meet the proof submitted.

The court is of the opinion, however, that the jury could have lawfully found the state of facts last quoted above and that such a state of facts is not a sufficient variance from the allegations of the complaint to authorize or justify the application of the rule stated in Miller & Co. v. Carmichael-McCalley Co., supra.

Accordingly, it is, upon consideration ordered and adjudged that defendant's said motions be, and the same are each severally denied, and the costs herein shall be taxed against defendant in the amount of $294.11, for which let execution issue.