HORTON, Judge
(concurring specially).
Although I am in accord with the ultimate conclusion reached, I do not agree with the reasons advanced for this conclusion.
I feel a chronology of the case which gave rise to the appeal would be helpful. The appellee, on January 11, 1960, filed a complaint for damages. A motion to dismiss this complaint was filed on January 27, 1960, and after notice and argument, the following order, dated February 8, 1960, was entered:
“Upon hearing, after notice, and the court being fully advised in the premises, it is
“CONSIDERED, ORDERED and ADJUDGED that the Complaint be and is hereby dismissed, with leave to the plaintiff to file such pleadings as he may be advised within ten (10) days from the date hereof.”
No appeal or other action pertaining to this order has ever been taken by either of the parties. On March 24, 1960, the appel *246 lant filed a motion for judgment, supported by an affidavit reciting that an order dismissing the complaint had been entered on February 8, 1960; that two oral extensions had been agreed upon between counsel for the parties, the last extension requiring the appellee to file an amended complaint on or before March 2, 1960; and that no such amended complaint had been filed and no further extensions had been granted. Upon this motion the court, on March 25, 1960, entered what was termed a “final judgment” in favor of the appellant and against the appellee, reciting that “the plaintiff take nothing by his suit and go hence without day.” On April 4, 1960, the appellee filed a motion to set aside the final judgment of March 25, 1960, to which was attached an affidavit of counsel for appellee, reciting that due to a death in the family of the attorney it had been necessary for him to be out of town on several occasions since the filing of the suit and that he had been occupied with these affairs so that he had neglected to ask for an extension of time to file an amended complaint. He asserted that the cause would forthwith be prosecuted. After hearing on that motion, the court by an order dated June 3, 1960, vacated and set aside the “final judgment” of March 25, 1960, and permitted the filing of the amended complaint which had been tendered with the motion to vacate the judgment. Answer to the amended complaint was filed on June 20, 1960, by the appellant which constituted no more than a general denial of the allegations of the amended complaint. On September 6, 1962, an order was entered granting the appel-lee’s motion to file another amended complaint to which the appellant filed an answer generally denying the allegations of the complaint but affirmatively asserting that it was no longer transporting manufactured gas in its gas lines and specifically denying the allegation of negligence in permitting gas to escape and the subsequent damage to the appellee’s nursery stock. The cause went to trial before á jury and a verdict was rendered on March 21, 1963, for the appellee upon which judgment was entered on March 29, 1963. This appeal is from the judgment of March 29, 1963.
After the jury verdict of March 21, 1963',, a timely motion for new trial was filed in which the appellant for the first time contended that the court had been without jurisdiction of this cause since February,, 1960, and that it did not then have jurisdiction of the subject matter. The motion for new trial was denied along with other post-trial motions.
On appeal, the appellant mainly contends that the court lost jurisdiction of the subject matter and the parties when the sixty-day period for appeal expired on the order of February 8, 1960, and no amendment had been filed or appeal taken.
It is my view that the judgment appealed' should be affirmed upon the basis that the-appellant, having failed to assert in its answer the affirmative defense of res judicata or the bar of the judgment of February 8,, 1960, waived the right to now insist on the lack of jurisdiction of the circuit court over the subject matter. Undoubtedly the order of February 8, 1960, was a final order and the Supreme Court of Florida as well as the other appellate courts of this state have so held in similar cases.[1] It was an adjudication on the merits because the court sustained the motion to dismiss and dismissed the complaint on the single ground that the complaint failed to state a cause of action. When the appellee elected not to amend, his only recourse was to appeal from the order within sixty days from its rendition, and having failed that, the order went into legal repose and was not subject to being set aside or otherwise modified by the trial court or an appellate court.
The majority view holds that “[t]he trial' court had jurisdiction to open the default.”' Therein I feel lies the error of the majority *247 view. This statement is 'prefaced against a background that it was not necessary to resolve the question of whether the order of February 8, 1960, was or was not a final order. If the majority view is correct, then the defense of res judicata would, of course, be obviated. On the other hand, it would seem to me that under the decisions of our courts as delineated in footnote 1 the order was final and no attempt, at least apparent in this record, was ever made to set it aside or otherwise annul it. It is only by implication, which the majority view considers sufficient, that the conclusatory character of the order of February 8, 1960, was eliminated. This is exactly what Rule 1.6(b), Florida Rules of •Civil Procedure, sought to eliminate by the exception under subsection 2 thereof, where it is stated:
“ * * * but it may not, except as provided by law, extend the time for making a motion for new trial, for taking an appeal * * [Emphasis supplied]
If the majority view is correct, then the trial judge’s action in this case would be no more than circumvention of the prohibition contained in Rule 1.6(b), supra.
Just because the court permitted the filing of an amended complaint in the cause did not, however, relieve the appellant from interposing the bar of the order of February 8, 1960, by an affirmative defense in its answer. The appeal here is not from the order of February 8, 1960, but from the judgment entered on a jury verdict in March, 1963. We cannot now be concerned with the effect of the order of February 8, 1960, unless its effect had been brought into question by the appellant as an affirmative •defense in its answer. By that method we would have been in a position, after a ruling by the trial court, to determine the legal effect of that order on these proceedings. Absent such action by the appellant, the defense of res judicata should not now be applied.
The question may arise as to whether the .defense of res judicata which has arisen after the institution of a suit may be pleaded in bar in the same cause of action. I find that such a defense is permitted and the courts seem to draw no distinction between the pleading of one action in bar of a second action and pleading an order in the same proceeding as a bar to subsequent proceedings or recovery in the same cause.[2]
For the reasons stated, I would affirm the judgment.

. Womack v. Goldberg, Ma.App.1960, 117 So.2d 758; Schwertfeger v. Constant, Fla.App.1959, 109 So.2d 173; Brenner v. Gelernter, Fla.1956, 90 So.2d 306.

. McEachin v. McEachin, Fla.App.1063, 154 So.2d 894; Finston v. Finston, 160 Fla. 935, 37 So.2d 423; G. L. Miller & Co. v. Carmichael-MCCalley Co., 91 Fla. 1071, 109 So. 198.