HENDRY, Judge.
This appeal arises out of a mortgage foreclosure suit filed in July of 1977'. by State . Mutual Investors against Saga; Development Corporation. Appellant, Harbour Village at Saga Bay, Inc. (hereinafter referred to as Harbour Village) was included as a defendant, predicated upon its June 1973 contract of sale with Saga Development Corporation (which was recorded in memorandum form, among the public records of Dade County). The contract pertained to the sale of 12.7 acres of the real property, which totalled over 1,500 acres.
In October of 1977 the lower court entered final judgment in the amount of $25,-308,926.66. Saga Development Corporation did not oppose foreclosure and the final judgment of mortgage foreclosure was entered in favor of State Mutual Investors and against Saga Development Corporation at that time. However, appellant contested State Mutual Investors’ right to foreclose that portion of the real property which was the subject matter of the contract of sale between appellant and the mortgagor, Saga Bay Development Corporation. The trial court ruled against appellant and entered final summary judgment for State Mutual Investors, based on the pleadings, interrogatories, depositions, affidavits and prior orders of the court. Appeal has been taken from that order.
The points raised by the appellant revolve around the questions of whether the aforementioned contract of sale of the 12.7 acres created a right to a claim of lien against the subject real property by Harbour Village and if so, whether the purported rights were improperly terminated by the trial court’s order of final judgment of foreclosure and order of sale.
In our review of the extensive record in the cause, we necessarily examined the precise wording of the provisions contained in the contract of sale, which recite in pertinent part:
“DEPOSIT. Simultaneously with the execution of this Agreement, Buyer shall deliver to Seller an irrevocable Letter of Credit in the sum of $51,450.00, which shall be held in escrow in an interest bearing account by Seller or an escrow agent approved by Seller. Said deposit shall constitute security for the payment by Buyer of the purchase price for each *1102 and all of the platted building sites covered by this Agreement ... In the event of default in the performance of the terms and conditions of this Agreement by Buyer, Seller shall have the right to convert said Letter of Credit to cash, or if a cash deposit is made, to retain the entire amount of the deposit as consideration for the execution of this Agreement and as agreed and liquidated damages, in accordance with the default provisions set forth hereinafter.
“DEFAULT BY BUYER. The time of payment shall be of the essense, and in the event of any default in payment of any part of the total purchase price as and when it becomes due, or in the performance of any other obligations assumed by the Buyer in this Agreement, and if the default shall continue for a period of fifteen (15) days after written notice by Seller to Buyer, then the Seller may rescind or cancel this Agreement, and retain all sums of money paid or deposited by the Buyer as consideration for the execution of this Agreement and as agreed and liquidated damages or in full settlement of all damages, and this Agreement shall become null and void.
“DEFAULT BY SELLER. If the Seller fails to perform any of the provisions of this Agreement, all the sums of money paid by the Buyer to the Seller shall be refunded to the Buyer on demand, and the Seller shall be released from all liability hereunder; or the Buyer at its option shall have the right of specific performance.
“EXISTING AGREEMENT AND MORTGAGE. This Agreement is executed subject and subordinate to that certain mortgage and loan agreement made and executed by Saga Development Corporation to the Trustees of State Mutual Investors encumbering the subject property and other property, which mortgage lien will be released or subordinated at the closing as to each and all of the subject lands purchased by the Buyer, in accordance with the terms of this Agreement.”
The lower court’s order granting the ap-pellee summary judgment states, in part, that the Harbour Village Contract expressly provided that damages would be limited in the event of a breach by Saga Development Corporation to specific performance or return of the purchase deposit; that specific performance was impossible under the circumstances; that the purchase deposit was solely within the possession and control of Harbour Village; that Harbour Village did not have any right to any claim against the real estate arising from the contract of sale; that the recorded contract constituted a mere cloud on title, which would be properly removed by foreclosure; that there were no genuine issues of fact remaining; and that the various defenses raised by Harbour Village were without merit. The court based its decision upon contract principles as enunciated in 92 C.J.S. Vendor & Purchaser § 591 and Hanley v. Gables Trust, 147 Fla. 746, 3 So.2d 725 (1941), wherein the Supreme Court limited the purchaser’s recovery for vendor’s breach of contract to sell real estate to that expressly fixed by the contract.
We affirm the circuit court order determining that no lien was created. Since a lien is a charge on property for the payment or discharge of a debt or duty, Marshall v. C. S. Young Construction Co., 94 Fla. 11, 113 So. 565 (1927); Case v. Texas Co., 115 Fla. 668, 156 So. 137 (1934), it stands to reason that where there is no longer a debt or duty owing, no lien can be claimed.
This court has reviewed the other points on appeal and finds them to be without merit. As there have been no genuine issues of material fact left unresolved by the trial court, the summary final judgment in favor of State Mutual Investors was correct.
Affirmed.