497 So.2d 698 (1986)
Burton ENGELS, Trustee, Appellant,
v.
Tony VALDESUSO, Jr., Enterprises, Inc., Appellee.
No. 86-951.
District Court of Appeal of Florida, Third District.
November 4, 1986.
Rehearing Denied December 9, 1986.
*699 James F. Pollack, Miami, for appellant.
Myra Bennett Torres, Miami, for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Burton Engels appeals the trial court's order granting Tony Valdesuso, Jr. Enterprises, Inc. (Valdesuso) the right of redemption in mortgaged property which is the subject of this suit. We affirm.
This case arises from a foreclosure action initiated on May 30, 1985. The senior mortgagee brought suit against Anthony and Vera del Pozzo, the property owners, and the subordinate mortgagees, one of which was Valdesuso. A lis pendens was recorded. On September 4, 1985, Valdesuso acquired title to the property from the del Pozzos in settlement of a previously filed action to foreclose. On September 12, Valdesuso recorded the deed. The court granted the senior mortgagee's uncontested motion for summary judgment on September 20, 1985, and ordered that the property be sold at a foreclosure sale to be held on October 25, 1985. At the foreclosure sale, Engels received the certificate of sale as the successful bidder. Valdesuso did not bid. Instead, prior to the issuance of the certificate of title, Valdesuso paid the amount of the final judgment into the court in exchange for a certificate of redemption. The court denied Engels' motion to set aside the redemption and Engels brought this appeal.
Engels' major contention is that as a subordinate mortgagee Valdesuso's right of redemption was extinguished when, after the lis pendens was recorded, it failed to either contest the foreclosure proceedings or the sale, or attempt to pay off the senior mortgagee and take a subrogated position. See Islamorada Bank v. Rodriguez, 452 So.2d 61 (Fla. 3d DCA 1984); Glendale Federal Savings & Loan Ass'n v. Guadagnino, 434 So.2d 54 (Fla. 4th DCA 1983); Shipp Corp. v. Charpilloz, 414 So.2d 1122 (Fla. 2d DCA 1982). In response, Valdesuso correctly points out that the right of redemption which it exercised was the right of redemption it acquired from the mortgagors, the del Pozzos, and not the redemption right generally enjoyed by a subordinate mortgagee.[1] The mortgagor's right of redemption may be asserted by the mortgagor and "those claiming under or through him." John Stepp, Inc. v. First Federal Savings & Loan Ass'n, 379 So.2d 384, 386 (Fla. 4th DCA 1980); see Robbins v. Blanc, 105 Fla. 625, 142 So. 223 (1932). When Valdesuso exercised its right of redemption, it did so as the record title holder and not a subordinate mortgagee. Since Valdesuso acquired legal title to the property from the mortgagors, it could validly *700 redeem the property after the foreclosure sale but before the court issued the certificate of title. See Allstate Mortgage Corp. v. Strasser, 286 So.2d 201 (Fla. 1973); Cooper Smith Properties, Ltd. v. Flower's Baking Co., 432 So.2d 683 (Fla. 5th DCA), review dismissed, 438 So.2d 831 (Fla. 1983); § 45.031(1), Fla. Stat. (1985); cf. John Stepp, Inc., 379 So.2d at 384 (purchaser who acquired title to property from mortgagor after court entered final judgment of foreclosure and who recorded deed after judicial sale was entitled to exercise right of redemption prior to issuance of certificate of title). Consequently, the court correctly denied Engels' motion to set aside the redemption.
For the foregoing reasons, the order under review is
Affirmed.
NOTES
[1] The term "right of redemption" takes on different meanings depending on whether it refers to the right exercised by a mortgagor or a subordinate or junior mortgagee.

When it is used with respect to a mortgagor, it refers to his right, prior to being foreclosed from that right, to satisfy the mortgage indebtedness which encumbers his property. When the phrase is used with reference to a junior mortgagee, ... it refers to his right to satisfy a prior mortgage by payment of the debt it secures and thereby become equitably subrogated to all rights of the prior mortgagee.
Shipp Corp., 414 So.2d at 1123 (citation omitted).