STRINGER, Judge.
Emmett Abdoney seeks review of (1) the final summary judgment in favor of Janet- *982 ta York in Abdoney’s mortgage foreclosure action and (2) the final order that awarded York attorney’s fees and costs. Because the trial court erred in determining that Abdoney’s junior, lien was extinguished by the filing of a certificate of sale in a prior foreclosure action concerning the same property, we reverse. In accordance with this ruling, we reverse the award of prevailing party attorney’s fees and costs to York.
Emmett Abdoney, a practicing attorney, was given a second mortgage by Jason and Betty Peterson for $12,000 in attorney’s fees and costs that they owed Abdoney. For personal reasons, Abdoney promised the Petersons that he would not foreclose the second mortgage. The Petersons failed to make payments on their first mortgage with Amerivest Corporation, and Amerivest instituted a foreclosure action against the Petersons and three junior lienors, one of which was Abdoney.
Abdoney entered into an agreement with Amerivest to buy out the first mortgage. Amerivest voluntarily dismissed Abdoney from the foreclosure suit, and the parties filed a joint stipulation for substitution of plaintiff. The court ordered the substitution, and Abdoney amended the foreclosure complaint but did not include himself in his capacity as a junior lienor.
The trial court entered a final judgment of foreclosure awarding Abdoney $11,269.27, and ordered a judicial sale. The final judgment did not specify a deadline for redemption. York was the successful bidder with a bid of $15,100, and the clerk filed a certificate of sale.
Shortly thereafter, Abdoney sent York a letter demanding satisfaction of his junior lien. In response, York filed a motion to declare junior lienor with notice barred in Abdoney’s foreclosure action, which the court denied as premature. Abdoney subsequently made an offer and tendered a payment to York to either buy York out for her interest in the property or for her to buy Abdoney out. Additionally, Abdo-ney tendered payment as an offer of settlement in a,n attempt to preclude York from instituting foreclosure proceedings. York did not respond to Abdoney’s offers.
Abdoney then filed a foreclosure action under a new case number. Abdoney’s complaint sought (1) foreclosure against the Petersons, (2) foreclosure against York, (3) redemption, and (4) lien foreclosure. York filed an answer and counterclaim for (1) declaratory judgment, (2) quiet title, and (3) slander of title.
York subsequently filed a renewed motion to declare junior lienor with notice barred in the first foreclosure action. Ab-doney moved to strike the motion to declare junior lienor barred for lack of standing, but the court denied the motion. The two cases were consolidated.
After a hearing, the court entered an order granting York’s motion to declare junior lien barred. The court determined that Abdoney’s junior lien was extinguished by the filing of the certificate of sale in the first foreclosure action. Both parties thereafter filed motions for summary judgment, and Abdoney filed a motion for rehearing of the court’s order granting York’s motion to declare junior lienor barred. York voluntarily dismissed her slander counterclaim. The court granted York’s motion for final summary judgment and denied Abdoney’s. The court also awarded York attorney’s fees and costs pursuant to sections 57.041 and 57.105(1), Florida Statutes (2003), and an attorney’s fee provision in the foreclosed mortgage.
On appeal, Abdoney argues that the trial court erred in granting York’s motion for summary judgment and denying his motion for summary judgment because his junior lien was unaffected by the foreclosure sale. We agree and reverse and re *983 mand for further proceedings in Abdoney’s foreclosure action.
Under the common law, the foreclosure of a senior mortgage extinguishes the liens of any junior mortgagees listed in the final judgment. Pinellas County v. Clearwater Fed. Sav. & Loan Ass’n, 214 So.2d 525, 527 (Fla. 2d DCA 1968). Thus, a junior mortgagee’s right of redemption ceased at the entry of the final judgment of foreclosure if the junior mortgagee was made a party to the foreclosure of a senior mortgage. Shipp Corp., Inc. v. Charpilloz, 414 So.2d 1122, 1123 (Fla. 2d DCA 1982); Credithrift, Inc. v. Knowles, 556 So.2d 775, 777 (Fla. 1st DCA 1990); Islamorada Bank v. Rodriguez, 452 So.2d 61, 63 (Fla. 3d DCA 1984); Glendale Fed. Sav. & Loan Ass’n v. Guadagnino, 434 So.2d 54, 54 (Fla. 4th DCA 1983). In 1993, the legislature enacted section 45.0315, Florida Statutes, which lengthened the time for redemption by a junior mortgagee to “any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree.” This statute abrogated the common law on the issue of the availability of redemption. Emanuel v. Bankers Trust Co., 655 So.2d 247, 249 (Fla. 3d DCA 1995).
When a junior mortgagee is omitted as a party to the foreclosure of a senior mortgage, the lien of the junior mortgagee is unaffected by the judgment. Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 692 (1930); Hollingsworth v. Arcadia Citrus Growers Ass’n, 154 Fla. 399, 18 So.2d 159, 162 (1944); T-R Indian River Orange Co. v. Keene, 124 Fla. 343, 168 So. 408, 409 (1936). This is so because “while a sale has been held, it is not a sale in which the junior was a participant. He had no opportunity to bid for the property himself, nor to attempt to stir up other bidders in order to maximize the price paid for the property.” Grant S. Nelson, Real Estate Finance Law, § 7.15, at 573 (4th ed. 2001). The lien of the senior mortgagee is likewise not extinguished by the irregular foreclosure action; instead, the purchaser at the foreclosure sale “becomes virtually an equitable assignee of the mortgage and of the debt it secured.” Quinn Plumbing, 129 So. at 692. The purchaser “occupies the same position as the first mortgagee, ... which may be enforced by such purchaser against the junior mortgagee to the same extent as they could have been enforced in the original foreclosure, had the junior mortgagee been made a party thereto.” Id.
The only remedies of the purchaser against the omitted junior mortgagee are moving to compel redemption or re-foreclosure in a suit de novo. See Kurz v. Pappas, 116 Fla. 324, 156 So. 737, 741 (1934); Quinn, 129 So. at 692. The omitted junior mortgagee may defend in the same manner as if the foreclosure had not happened.[1] Quinn, 129 So. at 692.
The remedies of the omitted junior mortgagee against the purchaser are redemption and foreclosure. Nelson, supra, *984 § 7.15, at 573-74. Foreclosure by the junior mortgagee with a resulting sale is subject to the first mortgage, which is revived. The purchaser will take the property subject to the first mortgage. Id. at 574. Pursuant to section 45.0315, the omitted junior mortgagee cannot independently exercise the right to redeem in the original foreclosure action after the certificate of sale has been filed. Burns v. Bankamerica Nat'l Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998). If redemption is accomplished, the junior mortgagee holds both a senior and junior mortgage on the property, and he may foreclose either or both of them. Nelson, supra, § 7.15, at 575.
This case presents an unusual set of facts in that Abdoney, in his capacity as the senior mortgagee, omitted himself as a junior mortgagee from the original foreclosure action. Abdoney has admitted that this omission was intentional, but we cannot find any authority that would justify departing from the general rule that the lien of a junior mortgagee is not affected by a judgment of foreclosure to which he was not a party. Although Abdoney had notice of, and participated in, the judicial sale, he did so in his capacity as senior mortgagee and not as a junior mortgagee. Moreover, the evidence is undisputed that York was aware that Abdoney’s junior mortgage was not listed in the final judgment of foreclosure.
As the purchaser of the property at the foreclosure sale, York is now equitably subrogated to the rights of the senior mortgagee, and Abdoney has retained his position as a junior mortgagee. Thus, the trial court erred in denying Abdoney’s motion for summary judgment and granting York’s motion for summary judgment based on its determination that Abdoney’s junior lien was extinguished with the filing of the certificate of sale. Accordingly, we reverse and remand the final summary judgment for further proceedings in Abdo-ney’s foreclosure action. We also reverse the final order that awarded York attorney’s fees and costs.
Reversed and remanded.
WHATLEY, and LaROSE, JJ., Concur.

. However, if the senior mortgagee omitted the junior mortgagee as a result of fraud or mala fides "so as to deprive [the junior mortgagee] of the opportunity (not the absolute right) of bidding the property up to an amount sufficient to cover its second mortgage, or to deprive it of the opportunity to contest the amounts devoted to 'costs and expenses’ in order to conserve proceeds available to pay off the second mortgage,” equity could support some other remedy. Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 692-93 (1930). While the trial court found that Abdoney fraudulently omitted himself as a junior lienor, there is no evidence to support this finding. Abdo-ney’s junior lien was recorded, and the record reflects that York had personal knowledge of the existence of Abdoney's junior lien.