STONE, J.
Marina Funding Group, Inc. and Bro-ward Yachts, Inc. (collectively “Bro-ward/Marina”) appeal from a final judgment in favor of the plaintiff, Peninsula Property Holdings, Inc. (“Peninsula”), after a non-jury trial.[1] We affirm.
We recite only the most essential of the complex facts. Peninsula foreclosed on a first mortgage on the subject property (“Binks”), unaware that it was also encumbered by a second mortgage, held by Evans Financial (“Evans”). The second mortgage was secured by Binks and two additional properties. Evans also sued to foreclose, but chose only to pursue foreclosure of the two additional properties, resulting in a final judgment in the foreclosure of $4,259,650.88.
Evans sold the second mortgage remaining on Binks and the foreclosure judgment to Marina for $4,000,000.00. Marina reassigned these to Broward almost immediately, but failed to record. Marina then purchased one of the foreclosed properties with a credit bid of $3,002,000.00 and asked the clerk to sell the other property to satisfy the deficit, but in the interim, the property owner declared bankruptcy, stopping the sale. Broward/Marina filed a claim in the bankruptcy action, and the trustee satisfied the claim in its entirety.
Because some of the conveyances and assignments had gone unrecorded, Peninsula later became aware that it had not included the Evans second mortgage in its foreclosure and filed a re-foreclosure of Binks against Marina. The trial court entered summary judgment in favor of Peninsula, re-foreclosing the first mortgage with Marina listed as junior lienholder, listing the amount Marina needed to redeem its interest ($5,930,268.56 + interest of $413,372.93 = $6,343,641.49), and directing it to do so within thirty days or be forever barred. This summary judgment was later vacated by agreed order when Peninsula learned of the assignment to Broward.
Anticipating that Broward/Marina was close to being satisfied through the bankruptcy claim, Peninsula amended its complaint, dropping its re-foreclosure count and adding a count to quiet title. Bro-ward/Marina answered and counterclaimed, seeking declaratory relief regarding its right to redeem.' Peninsula answered that Broward/Marina’s interest was satisfied and extinguished by the sale of the other collateral.
Meanwhile, the property bankruptcy trustee satisfied Broward/Marina’s claim *430 in its entirety. Again, Peninsula moved for summary judgment, now contending that full payment of the Broward/Marina judgment extinguished any interest Bro-ward/Marina may have had in Binks.
The case went to trial; the trial court ruled for Peninsula. In a detailed order, the trial court focused on the effect of the satisfaction, by the payoff of the note, on Broward/Marina’s right to redeem.
Section 45.0315, Florida Statutes, codified the common law right of redemption in foreclosure proceedings. Indian River Farms v. YBF Partners, 777 So.2d 1096, 1099 (Fla. 4th DCA 2001)(citing Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996)). The statute provides for redemption “[a]t any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure.” § 45.0315, Fla. Stat.
The right to redeem belongs to either the mortgagor or the holder of any subordinate interest. Id.
The term “right of redemption” takes on different meanings depending on whether it refers to the right exercised by a mortgagor or a subordinate or junior mortgagee.... When the phrase is used with reference to a junior mortgagee, ... it refers to his right to satisfy a prior mortgage by payment of the debt it secures and thereby become equitably subrogated to all rights of the prior mortgagee.
Engels v. Valdesuso, 497 So.2d 698, 700 n. 1 (Fla. 3d DCA 1986) (citation omitted).
Clearly, Peninsula had the right to re-foreclose against Broward/Marina as a matter of substantive law. Raskin v. Otten, 273 So.2d 433, 435 (Fla. 3d DCA 1973); Polster v. Gen’l Guar. Mortgage Co., 180 So.2d 484, 487 (Fla. 1st DCA 1965). The remedies of a purchaser at the foreclosure sale against an omitted junior mortgagee are a motion to compel redemption by the junior, or re-foreclosure in a suit de novo. The omitted junior mortgagee may defend in the same manner as if the initial foreclosure had not happened. Abdoney v. York, 903 So.2d 981, 983 (Fla. 2d DCA 2005).
In its pleadings, Peninsula acknowledged the obvious, that vacating the prior foreclosure revitalized Broward/Marina’s right to redeem. Broward/Marina did not need leave of the court, but it did need to tender payment of the amount listed in the vacated judgment to either Peninsula or the clerk of the court. Broward/Marina had four months to accomplish this, but failed to do so.
During the pendency of the action sub judice, Broward/Marina satisfied the judgment obtained in the foreclosure suit against the other mortgages securing the same note. The amount due on the note was fully established in the final judgment. The Binks mortgage simply secured the monies owed; it did not create additional indebtedness.
There is no indication in the record that the satisfaction was in any way intended to be partial or for anything other than payoff of the debt in full. The satisfaction of judgment ended all proceedings. Morris N. Am., Inc. v. King, 430 So.2d 592, 592 (Fla. 4th DCA 1983). “Since a lien is a charge on property for the payment or discharge of a debt or duty, it stands to reason that where there is no longer a debt or duty owing, no lien can be claimed.” Harbour Village at Saga Bay, Inc. v. Dahm, 367 So.2d 1100, 1102 (Fla. 3d DCA 1979) (citation omitted). Without a valid existing lien, Broward/Marina has no right to redeem.
Broward/Marina did not contest the validity of the satisfaction, but still tried to attack it by a corporate representative’s *431 testimony that he did not intend the satisfaction to wipe out the right to redeem. Essentially, this is a mistake of law, not fact. The record supports a conclusion that the satisfaction was for the entire indebtedness.
The trial court’s fact finding was supported by competent, substantial evidence. Therefore, we affirm the final judgment.
SHAHOOD and HAZOURI, JJ., concur.

. Peninsula Bank, while not a party to this appeal, is predecessor in interest and will also be referred to by "Peninsula.”