COHEN, J.
Ecoventure WGV, Ltd. (hereafter “Eco-venture”), challenges whether section 720.3085, Florida Statutes (2007), may be applied to impose joint and several liability on it for the unpaid homeowner’s association assessments incurred by its mortgagor. Concluding it cannot, we reverse.
In 1997, Ecoventure purchased a parcel of property that was subject to Saint Johns Northwest Residential Association, Inc.’s Declaration of Covenants and Restrictions (hereafter “Declaration”). In 2001, Ecoventure sold the property to DMHB Holdings, LLC, taking back a purchase money mortgage. Ecoventure foreclosed on its mortgage after DMHB defaulted and was issued title after being the high bidder at the foreclosure sale in March 2008.
Subsequently, the Association demanded Ecoventure pay more than two years’ worth of assessments incurred by DMHB. Ecoventure refused and the Association filed suit, arguing that its Declaration and section 720.3085 imposed an obligation on Ecoventure to pay the delinquent assessments. In relevant part, the trial court found that section 720.3085 operated “outside of the Declarations” and imposed “an additional requirement on a certain class of property ownei's over and above what the Declarations may require.” Because Ecoventure was a parcel owner as defined by section 720.3085(1), the trial court concluded it was jointly and severally liable for the unpaid assessments.
The trial court rejected Ecoventure’s argument that imposing liability was a retroactive application of the statute because liability only attached for unpaid assessments that were due at the time title was transferred and Ecoventure obtained title after the statute’s effective date. The trial court also found that applying the statute did not impair Ecoventure’s rights under its mortgage with DMHB because the statute permitted it to seek recovery from DMHB of any amounts it paid. Consequently, the trial court entered judgment against Ecoventure for the unpaid assessments, interest, and administrative costs. We review these legal conclusions de novo. See Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478, 485 (Fla.2008).
Of the arguments raised by Ecoventure, the one we find dispositive is whether applying section 720.3085 impaired its contract rights. The trial court concluded the statute could be applied because it did not impair Ecoventure’s rights under its mortgage with DMHB. This, however, is not the appropriate contract on which to focus.
The Association made two promises, by and through section 6.5 of its Declaration, to induce lenders to extend mortgages on property subject to the Declaration. First, it promised that any lien for unpaid assessments was subordinate to any mortgage that was “perfected by recording” before its claim of lien was recorded. Second, it promised that any mortgagee who subsequently obtained title to the property “by deed in lieu of foreclosure, pursuant to a decree of foreclosure, or ... any other proceeding in lieu of foreclosure of such mortgage,” would not be entirely responsible for the unpaid assessments of its mortgagor. Instead, the unpaid assessments would be added back to the Association’s budget for common expenses and paid by all of the homeowners, including the mortgagee, on a pro-rata basis.[1]
When Ecoventure extended its mortgage to DMHB in 2001, its rights under the Declaration vested. Imposing section 720.3085, which was enacted after the mortgage was extended, completely alters Ecoventure’s vested rights by making it *128 jointly and severally liable with the “previous parcel owner for all unpaid assessments that came due up to the time of transfer of title.” § 720.3085(2).[2] The court in Coral Lakes Community Association, Inc. v. Busey Bank, N.A., 30 So.3d 579, 584 (Fla. 2d DCA 2010), recently addressed the very issue raised in this appeal and concluded the enactment of “section 720.3085 cannot disturb that prior, established contractual relationship.” We likewise agree that imposing the statute on Ecoventure “would operate to severely, permanently, and immediately change the parties’ economic relationship ... a circumstance not supportable under the law.”[3] Id.; see also Sarasota County v. Andrews, 573 So.2d 113 (Fla. 2d DCA 1991). Accordingly, we reverse the final judgment.
REVERSED.
GRIFFIN and PALMER, JJ., concur.

. Section 6.5 Subordination of Lien to Mortgages.
*128 The lien of the assessments provided for by this Declaration shall be subordinate to the lien of any bona fide mortgage which is perfected by recording prior to the recording of the claim of lien for any such unpaid assessments. Such subordination shall apply only to the assessments which have become due and payable prior to a sale or transfer of the Building Site by deed in lieu of foreclosure, pursuant to a decree of foreclosure, or pursuant to any other proceeding in lieu of foreclosure of such mortgage. The total amount of assessment which remains unpaid as a result of a mortgagee obtaining title to the Building Site, shall be added to the total budget for Common Expenses and shall be paid by all owners including the mortgagee on a pro rata basis. No sale or other transfer shall relieve any Building Site from liability for any assessments thereafter becoming due, nor from the lien of any such subsequent assessments. A written statement of the Association that its lien is subordinate to a mortgage shall be dispositive of any question of subordination.

. This conclusion is not altered by the fact that the "present parcel owner may [seek] to recover any amounts paid by the present owner from the previous owner.” § 720.3085(2), Fla. Stat. When a homeowner’s association’s declaration provides for either reduced or no liability, having the right to attempt to recover from the prior owner is hardly meaningful relief. This is particularly true when title is obtained as a result of foreclosure proceedings and, as in this case, the foreclosed property owner filed for bankruptcy.

. The Association could have incorporated the subsequent enactment of section 720.3085 into the Declaration by including language expressly incorporating by reference the provisions of Chapter 720. See Angora Enters., Inc. v. Cole, 439 So.2d 832 (Fla. 1983). However, no such language was in the Declaration.