NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BALLANTRAE HOMEOWNERS )
ASSOCIATION, INC., )
)
      Appellant, )
)
v. )     Case Nos.  2D15-1025
)                    2D15-1026
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
)     CONSOLIDATED
      Appellee. )
_____)

Opinion filed September 2, 2016.

Appeal from the Circuit Court for Pasco
County; Linda H. Babb, Judge.

Karen Cox of Bush Ross, P.A., Tampa
(withdrew after briefing); Lilliana M. Farinas-
Sabogal of Becker & Poliakoff, P.A., Coral
Gables (substituted as counsel of record),
for Appellant.

Victor Kline and Aaron Williams of
Greenspoon Marder, P.A., Orlando, for
Appellee.


CASANUEVA, Judge.

        In this consolidated appeal, Ballantrae Homeowners Association, Inc.,

appeals the final summary judgments entered by the trial court in favor of Federal

National Mortgage Association, commonly known as Fannie Mae.  Fannie Mae initiated

actions against the Association seeking declaratory relief and injunctive relief regarding the extent of its liability for unpaid Association assessments. Because the trial court erred in granting the motions for summary judgment, we reverse.

## I. FACTS

Each of the two properties at issue in this consolidated appeal is subject to and governed by the Association's Declaration of Covenants, Conditions and Restrictions. Each property was encumbered by a recorded first mortgage, and each property was encumbered by a lien in favor of the Association for unpaid homeowners' assessments. Servicers of the loans initiated foreclosure proceedings against each property; in neither foreclosure action was the Association named as a defendant or joined as a party. Accordingly, the Association's secured lien rights, if any, were not adjudicated.

Final judgments of foreclosure were entered in each case, and Fannie Mae purchased the properties at foreclosure sale in 2013. Subsequently, Fannie Mae sought an estoppel letter from the Association as to amounts due on each property. The calculation of amounts due to the Association was rejected by Fannie Mae, precipitating the institution of the actions below.

In its count for declaratory relief, Fannie Mae sought a determination that, pursuant to the terms of the Declaration, its financial responsibility to the Association was limited to the assessments that accrued after it acquired title to each respective property. In its count for injunctive relief, it sought to compel the Association to provide an estoppel letter for the correct amounts due under the Declaration.

The Association contended that, because it had not been named or joined in either foreclosure action, its liens were not impacted by either foreclosure judgment and thus remained due and owing. Further, the Association asserted that had it been made a party to the foreclosure actions it would have been afforded certain opportunities as a junior lienor, including the ability to bid on the properties and to share in any surplus proceeds.

In its orders granting summary final judgment in favor of Fannie Mae, the trial court concluded that Fannie Mae was liable to the Association only for the unpaid assessments levied after Fannie Mae acquired title. Further, the Association was ordered to provide an estoppel letter to Fannie Mae reflecting that reduced amount, and upon payment by Fannie Mae, the account for the property would be considered paid in full except for any statutorily permitted actions against the prior owners.

## II. DISCUSSION

Relying on article V, section eight of the Declaration, which was in place at the time the mortgage was executed,[1] the trial court determined that Fannie Mae was not liable to the Association for any unpaid assessments that came due prior to Fannie Mae acquiring title. Article V, section eight of the Declaration provides, in pertinent part:

> Subordination of the Lien to Mortgagees' Rights. The lien of the assessments provided for herein is unequivocally subordinate to the lien of any first mortgage . . . now or hereafter placed upon [property] subject to assessment prior to the recording in the public records of a notice stating the amount of or unpaid assessment attributable to [the property]; provided, however, that such subordination shall apply only to the assessments which have become due and

---

[1]The parties agree that section 720.3085, Florida Statutes (2013), cannot be retroactively applied and is not controlling in this case. See Coral Lakes Cmty. Ass'n v. Busey Bank, N.A., 30 So. 3d 579, 583-85 (Fla. 2d DCA 2010).

payable prior to a sale or transfer of such property pursuant to a decree of foreclosure, or any other proceeding in lieu of foreclosure, including a sale or transfer of such property pursuant to a deed in lieu of foreclosure.

The trial court cited Coral Lakes Community Ass'n v. Busey Bank, N.A., 30 So. 3d 579 (Fla. 2d DCA 2010); and Ecoventure WGV, Ltd. v. Saint Johns Northwest Residential Ass'n, 56 So. 3d 126 (Fla. 5th DCA 2011), in support of its conclusion.

First, we find these cases distinguishable as to the language of the declarations relied on by the courts. In Coral Lakes, the Declaration provided as follows:

> Where any person obtains title to a LOT pursuant to the foreclosure of a first mortgage of record, or where the holder of a first mortgage accepts a deed to a LOT in lieu of foreclosure of the first mortgage of record of such lender, such acquirer of title, its successors and assigns, shall not be liable for any ASSESSMENTS or for other moneys owed to Coral Lakes which are chargeable to the former OWNER of the LOT and which became due prior to acquisition of title as a result of the foreclosure or deed in lieu thereof, unless the payment of such funds is secured by a claim of lien recorded prior to the recording of the foreclosed or underlying mortgage.

30 So. 3d at 581.

In Ecoventure, the Declaration provided that assessment liens shall be subordinate to prior-recorded mortgages as to amounts owed prior to transfer pursuant to foreclosure or proceedings in lieu of foreclosure and further provided that "[t]he total amount of assessment which remains unpaid as a result of a mortgagee obtaining title to the Building Site, shall be added to the total budget for Common Expenses and shall be paid by all owners including the mortgagee on a pro rata basis." 56 So. 3d at 127 n.1. The Fifth District explained:

- 4 -

> The Association made two promises, by and through section 6.5 of its Declaration . . . .  First, it promised that any lien for unpaid assessments was subordinate to any mortgage that was "perfected by recording" before its claim of lien was recorded.  Second, it promised that any mortgagee who subsequently obtained title to the property "by deed in lieu of foreclosure, pursuant to a decree of foreclosure, or . . . any other proceeding in lieu of foreclosure of such mortgage," would not be entirely responsible for the unpaid assessments of its mortgagor.

Id. at 127.

Here, the Declaration's subordination of lien provision relied on by Fannie Mae contains the first promise made in Ecoventure, subordinating the assessment lien to the first mortgage, but it does not contain language specifically limiting or eliminating a subsequent owner's liability for unpaid assessment.  See id.; see also Coral Lakes, 30 So. 3d at 582; Pudlit 2 Joint Venture, LLP v. Westwood Gardens Homeowners Ass'n, 169 So. 3d 145, 148 (Fla. 4th DCA 2015) (quoting declaration provision expressly limiting subsequent owner's personal liability for delinquent assessments).

Second, Coral Lakes and Ecoventure are distinguishable in that they do not address a subsequent owner's liability for assessments following a foreclosure that failed to include the association.  "Under the common law, the foreclosure of a senior mortgage extinguishes the liens of any junior mortgages listed in the final judgment." Abdoney v. York, 903 So. 2d 981, 983 (Fla. 2d DCA 2005).  It is well settled that when a junior lienor is omitted as a party to a foreclosure action brought by a senior mortgage holder, "the lien of the junior mortgagee is unaffected by the judgment."  Id.; see also Willoughby Estates v. Bankunited, No. 2014AP000015, 2015 WL 5472506, at *2 (Fla. 15th Cir. Ct. June 23, 2015).  "This is so because 'while a sale has been held, it is not a sale in which the junior was a participant.  He had no opportunity to bid for the property

himself, nor to attempt to stir up other bidders in order to maximize the price paid for the property.' " Abdoney, 903 So. 2d at 983 (quoting Grant S. Nelson, Real Estate Finance Law, § 7.15, at 573 (4th ed. 2001)).

Here, the servicers who foreclosed the first mortgages on behalf of Fannie Mae did not name the Association in the foreclosure actions. Thus, the Association's liens have not been foreclosed and remain on the properties as if the foreclosures never happened.

The only remedies available to the purchaser, here Fannie Mae, against the omitted junior lienor, the Association, are moving to compel redemption or filing a de novo action to re-foreclose. See id.; Marina Funding Grp., Inc. v. Peninsula Prop. Holdings, Inc., 950 So. 2d 428, 430 (Fla. 4th DCA 2007) ("The remedies of a purchaser at the foreclosure sale against an omitted junior mortgagee are a motion to compel redemption by the junior, or re-foreclosure in a suit de novo."). "The omitted junior mortgagee may defend in the same manner as if the foreclosure had not happened." Abdoney, 903 So. 2d at 983. Fannie Mae elected to bring these matters before the court as actions for declaratory and injunctive relief, neither of which is a recognized remedy for removing the lien of an omitted junior lienor.

Fannie Mae argues that it is nonetheless entitled to declaratory relief and an estoppel letter stating that its liability is limited only to those assessments that have accrued since it purchased the properties at foreclosure sale. In support of this argument, Fannie Mae points to Willoughby Estates. In that case, the declaration specifically provided that any institutional first mortgagee who obtains title to a lot pursuant to foreclosure or deed in lieu of foreclosure "shall not be liable for any unpaid

- 6 -

assessment or charges accrued against said Lot prior to the acquisition of title to said Lot by such Mortgagee." Willoughby Estates, 2015 WL 5472506, at *1.

The Fifteenth Judicial Circuit Court of Florida, sitting in its appellate capacity, held that Bankunited's failure to join the association as a defendant in a foreclosure proceeding did not preclude it from taking advantage of the provision absolving it from liability for unpaid assessments that accrued prior to Bankunited acquiring title. Id. at *2. The Declaration provision relied on by the trial court in the instant case, however, does not contain such a provision absolving Fannie Mae from liability for any unpaid assessments. Furthermore, the court in Willoughby noted that Bankunited's failure to include the association in its foreclosure left the association's lien intact as to the property. Id. at *2 (citing Abdoney, 903 So. 2d at 983).

Finally, we reject Fannie Mae's contention that the Association is not harmed by the declaratory and injunctive relief granted by the trial court. Had the Association been named as a defendant in the foreclosure it would have had the opportunity to bid for the property or stir up other bidders in hopes of benefiting from a surplus, in addition to having the opportunity to assert any available defenses. See Abdoney, 903 So. 2d at 983. The Association had no such opportunities here. Thus, even if Fannie Mae had established its entitlement to limited liability on assessments, the trial court erred in requiring the Association to provide an estoppel letter stating that payment of that reduced amount would constitute payment in full to the Association, essentially eliminating the Association's lien without foreclosure. See Marina Funding Grp., 950 So. 2d at 430 ("Since a lien is a charge on property for the payment or discharge of a debt or duty, it stands to reason that where there is no longer a debt or

duty owing, no lien can be claimed." (quoting <u>Harbour Vill. at Saga Bay, Inc. v. Dahm</u>, 367 So.2d 1100, 1102 (Fla. 3d DCA 1979))).

### III. CONCLUSION

In conclusion, Fannie Mae has failed to prove its entitlement to limited liability and an estoppel letter from the Association in that reduced amount. We reverse the final summary judgments entered in favor of Fannie Mae.

Reversed and remanded.


WALLACE and KHOUZAM, JJ., Concur.