IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANKERS LENDING COMPANY, LLC,

      Appellant,

 v.                                  Case No.  5D17-542

ANGELA JACOBSON A/K/A
ANGELA J. JACOBSON A/K/A
ANGELA COOK, ROYALS PORTFOLIO, LLC,
DUN MAR CORPORATION A/K/A DUNMAR
CORPORATION, DUNBAR ESTATES
HOMEOWNERS ASSOCIATION, INC.,

      Appellees.

_____/

Opinion filed August 10, 2018

Appeal from the Circuit Court
for Seminole County,
Michael J. Rudisill, Judge.

Victor Kline, Amanda L. Chapman and
Edmund O. Loos, III, of Greenspoon
Marder, PA, Orlando, for Appellant.

Jamie Billotte Moses, Suzanne E. Gilbert
and Edward M. Fitzgerald, of Holland &
Knight LLP, Orlando, for Appellee, Royals
Portfolio, LLC.

No Appearance for other Appellees.

PER CURIAM.

      Bankers Lending Company, LLC appeals the summary final judgment of

foreclosure entered in favor of Pennymac Holdings, LLC, owner and holder of the first

mortgage, and the underlying order allowing Bankers, a junior mortgagee on a portion of the property, to redeem the mortgage as to the entire property, but prohibiting it from foreclosing on the remainder of the property owned by Royals Portfolio, LLC. Bankers argues the trial court erred when it limited the scope of its equitable subrogation claim. We agree and reverse.

The facts are undisputed. Pennymac was the holder of a promissory note and mortgage executed by Angela Jacobson and her deceased husband in the original amount of $505,085 for the purchase of approximately ten contiguous acres in Seminole County, Florida. The Jacobsons defaulted on the loan in 2010.

Sometime thereafter, Royals domesticated a Georgia state court judgment against the Jacobsons. When the final judgment remained unpaid, Royals levied on the mortgaged property. Consequently, the mortgaged property was partitioned. Jacobson maintained title to half an acre as her homestead, and Royals took title to the remaining nine-and-a-half acres, subject to the Pennymac mortgage, through the levy and Sheriff's sale. Bankers obtained its lien on Jacobson's half-acre parcel when she executed and delivered a note and mortgage to Bankers in exchange for $25,000. Jacobson remained liable on the Pennymac note for the entire mortgaged property, including the nine-and-a-half acres titled to Royals.

Ultimately, Pennymac[1] filed a foreclosure complaint as to the entire ten acres. Bankers sought to exercise its right of redemption under section 45.0315, Florida Statutes (2015).[2]

Royals objected to Bankers' motion to redeem and asked the trial court to determine the parties' redemption rights. Royals argued that Bankers should not be allowed to manipulate the right of redemption to expand its claim to Royals' parcel. According to Royals, Bankers' right of redemption and subsequent equitable subrogation should be limited solely to the half-acre parcel.

Bankers acknowledged that equitable subrogation through redemption is not permitted if it results in an injustice, but argued that there was no injustice in this case. Bankers explained that Royals is a defendant in Pennymac's foreclosure action; thus, its nine-and-a-half acres would be foreclosed by Pennymac or Bankers no matter which plaintiff pursued it. In other words, Royals' position in the action does not change and it is not prejudiced if Bankers is subrogated to the rights of Pennymac. Bankers noted that Royals also had the option to redeem.

Royals contended that Bankers would be getting a windfall if it is permitted to get its nine-and-a-half acres because Bankers would be made whole by the half-acre parcel. Royals underscores that Bankers did not dispute any of the facts related to the underwriting of Bankers' loan, including that the purpose of the loan was to create an

---

[1] Citibank, N.A., filed the initial foreclosure complaint, but Pennymac was substituted as plaintiff as assignee of Citibank.

[2] Pennymac later added Bankers as a defendant.

3

opportunity to reassemble and acquire the entire ten acres through redemption and foreclosure.

The trial court ultimately concluded, without making any factual findings, that "[i]t would be inequitable to allow Bankers to be equitably subrogated to the extent it would permit foreclosure of the Royals Parcel." Bankers was permitted to redeem the Pennymac mortgage under section 45.0315; however, the trial court ruled that Bankers "shall not be permitted to pursue a foreclosure claim against the Royals Parcel."

Thereafter, Bankers redeemed the Pennymac mortgage and moved for final judgment of foreclosure. The trial court's summary final judgment made a finding that Bankers held a lien superior to all defendants on the mortgaged property as limited by the trial court's redemption order.

Section 45.0315, Florida Statutes, provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

"The right to redeem is an incident to every mortgage and belongs to the mortgagor and those claiming under him." Quinn Plumbing Co. v. New Miami Shores Corp., 129 So. 690, 692 (Fla. 1930). "As against a senior mortgagee, the only absolute right of a junior mortgagee is the right to redeem from the senior mortgage[e]." Id. (citing Parker v. Child,

4

25 N.J. Eq. 41, 43-44 (Ch. 1874)). "When the ['right of redemption'] is used with reference to a junior mortgagee, . . . it refers to his right to satisfy a prior mortgage by payment of the debt it secures and thereby become equitably subrogated to all rights of the prior mortgagee." Marina Funding Grp., Inc. v. Peninsula Prop. Holdings, Inc., 950 So. 2d 428, 430 (Fla. 4th DCA 2007) (quoting Engels v. Valdesuso, 497 So. 2d 698, 700 n.1 (Fla. 3d DCA 1986)).

Generally, a junior mortgagee of only a part of mortgaged premises, must pay the whole amount of the mortgage debt in order to redeem. Quinn Plumbing, 129 So. at 693. The junior mortgagee "cannot compel a redemption pro tanto, for the reason that the first mortgagee has not agreed to separate his debt and security into parts." Id. Instead, the first mortgagee is entitled to payment of the entire first mortgage. Id. Thus, the junior mortgagee "must pay the entire mortgage debt in order to redeem the premises in which he is interested, [and] when there are no intervening rights, he thereby becomes equitably subrogated to the original rights of the first mortgagee . . . ." Id. at 694.

Equitable subrogation is generally appropriate if the following five elements are met:

> (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party.

Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999) (citing Fowler v. Lee, 143 So. 613, 614 (Fla. 1932); E. Nat'l Bank v. Glendale Fed. Sav. & Loan Ass'n, 508 So. 2d 1323, 1324-25 (Fla. 3d DCA 1987)). Where a party has discharged the debt of the original creditor, that party "stands in the shoes" of the creditor whose claim has

been discharged and he is entitled to the "right and priorities of the original creditor." Id. (citing E. Nat'l Bank, 508 So. 2d at 1324); see also Tribeca Lending Corp. v. Real Estate Depot, Inc., 42 So. 3d 258, 262 (Fla. 4th DCA 2010) ("[T]he doctrine of equitable subrogation . . . is designed to apply where the claimant satisfied an obligation of another and then stands in the shoes of the satisfied creditor." (citing Radison Props., Inc. v. Flamingo Groves, Inc., 767 So. 2d 587, 591 (Fla. 4th DCA 2000))). For example, "a refinancing lender is equitably subrogated to the priority of the first mortgage even where it has actual knowledge of an intervening lien." Tribeca Lending Corp., 42 So. 3d at 262 (citing Suntrust Bank v. Riverside Nat'l Bank of Fla., 792 So. 2d 1222, 1227 n.3 (Fla. 4th DCA 2001)).

Royals does not contest that Bankers met the first four requirements for equitable subrogation. It argues that equitable subrogation is not allowed in the instant case because subrogation would work an injustice to it because Bankers came to the table with unclean hands. Royals claims that Bankers acquired its interest in the Jacobson's half-acre parcel intending to reunite all ten acres once Pennymac foreclosed. While this may be true, "a party asserting unclean hands 'must prove that he was injured in order for the unclean hands doctrine to apply.'" See Tribeca Lending Corp., 42 So. 3d at 262 (quoting McCollem v. Chidnese, 832 So. 2d 194, 196 (Fla. 4th DCA 2002)). This Royals failed to do. Even if it had, redemption and equitable subrogation to all rights of the Pennymac's mortgage would not have put Royals in a worse position. Royals took title to the nine-and-a-half-acre parcel subject to Pennymac's mortgage. And like Bankers, Royals had the right to redeem, but chose not to exercise that option.

6

There is simply no record evidence to establish that inequity would result to Royals if Bankers, rather than Pennymac, had been permitted to foreclose on Pennymac's mortgage. Instead, the redemption order and final judgment effectively negated Bankers' right of redemption because Bankers' only option was to pay off the final judgment amount of $354,802.65, plus post-judgment interest, in order to prevent foreclosure on the half-acre parcel. Royals' position never changed because the property was going to be foreclosed upon by either Pennymac or Bankers regardless.

We conclude Bankers is legally entitled to equitable subrogation as to the entire ten acres. No injustice befalls to Royals. Royals took title to the property subject to Pennymac's mortgage and would be unjustly enriched if Bankers was forced to pay the entire amount set forth in the final judgment in order to assert its right to redeem, while Royals paid nothing and was awarded title to the nine-and-a-half acres free and clear.

Therefore, we reverse the final judgment of foreclosure and underlying order on Bankers' motion to redeem to the extent that they prohibit Bankers from foreclosing on the entire ten acres.

REVERSED.

SAWAYA, BERGER and WALLIS, JJ., concur.