DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WELLS FARGO BANK, N.A.,

Appellant,

v.

OCIE C. ALLEN, JR.; SANDRA E. ALLEN; REDINGTON
TOWERS CONDOMINIUM ASSOCIATION, INC.; REDINGTON
TOWERS CLUB ASSOCIATION, INC.; REDINGTON TOWERS
NO. 3, INC.; LISA G. SPOTO a/k/a LISA SPOTO; and NADINE
S. SPOTO,

Appellees.

No. 2D2024-0808

_____

October 8, 2025

Appeal from the Circuit Court for Pinellas County; Amy M. Williams,
Judge.

Kathleen D. Dackiewicz, Sara F. Holladay, and Emily Y. Rottmann of
McGuireWoods LLP, Jacksonville, for Appellant.

Marshall G. Reissman of Reissman Law Group, P.A., Saint Petersburg,
for Appellees Ocie C. Allen, Jr., and Sandra E. Allen.

No appearance for remaining Appellees.

ATKINSON, Judge.

Wells Fargo Bank, N.A., appeals the trial court's final judgment denying its mortgage foreclosure claim and quieting title in favor of Ocie C. Allen, Jr., and Sandra Allen. Because the trial court erred in its application of section 702.036, Florida Statutes (2018), we reverse the final judgment and remand for the entry of a judgment for Wells Fargo that grants its mortgage foreclosure claim and denies the Allens' quiet title claim.

## Background

This action concerns two mortgages that Wells Fargo held on the subject property. The first mortgage was executed by Nadine, Lisa, and Rudolph Soto in favor of Wachovia Bank on February 23, 2006, which secured the property as collateral for the repayment of a $276,457.11 loan (the Larger Mortgage). The second mortgage was executed by Nadine and Rudolph two days later on February 25, 2006, also in favor of Wachovia Bank, which secured the property as collateral for the repayment of a $50,000 prime equity line of credit (the Smaller Mortgage). Despite the sequence in which the mortgages were executed, the Smaller Mortgage was recorded in the public records first, preceding the recordation of the Larger Mortgage by one minute. Wells Fargo acquired and merged with Wachovia Bank a few years later and, consequently, became the mortgagee for each mortgage.

Wells Fargo sued to foreclose the Smaller Mortgage in 2017 (the 2017 action). Based upon the sequence in which the mortgages were recorded, Wells Fargo alleged that the Smaller Mortgage was "superior in dignity to any prior or subsequent . . . lien arising out of [the] mortgagor[s]." Additionally, Wells Fargo named itself as a defendant, alleging that the Larger Mortgage was "subordinate and inferior" to the

2

Smaller Mortgage, and requested that all subordinate and inferior interests "forever be barred and foreclosed."

During the 2017 action, Wells Fargo perceived that a mistake had occurred in that the Smaller Mortgage was mistakenly recorded in the public records before the Larger Mortgage, thus affording the Smaller Mortgage priority over the Larger Mortgage. To attempt to correct that perceived mistake, Wells Fargo recorded a subordination agreement in the public records that subordinated the Smaller Mortgage to the Larger Mortgage. *See United States v. S. Atl. Prod. Credit Ass'n*, 606 So. 2d 691, 697–98 (Fla. 1st DCA 1992) (Zehmer, J., concurring in part and dissenting in part) ("[A] subordination agreement alters the normal priority of the mortgage liens . . . ."). Then, Wells Fargo filed a notice with the trial court that dropped itself from the 2017 action as a defendant, essentially dismissing the portion of its claim that sought to extinguish the Larger Mortgage as a subordinate lien.

Months later, the trial court entered a final judgment that foreclosed the Smaller Mortgage. The parties stipulated that the final judgment the trial court signed was "in accordance with the proposed Final Judgment" that Wells Fargo submitted. The final judgment still listed Wells Fargo as a defendant in the case caption, and it referred to the Smaller Mortgage as "a first mortgage lien" that was "superior in dignity to all rights, titles, interests, or claims, of the Defendant(s) and all persons, corporations, or other entities claiming by, through, or under the Defendant(s), or any of them." Additionally, the final judgment provided that "the property will be sold free and clear of all claims of the Defendant(s), with the exception of any assessments that are superior pursuant to sections 718.116 and 720.3085, Florida Statutes." The final judgment did not reference the subordination agreement, and it is

3

undisputed that Wells Fargo never informed the trial court of the subordination agreement or amended its complaint to reflect the subordinated status of the Smaller Mortgage.

Ocie Allen purchased the property at the foreclosure sale. He was aware of the subordination agreement prior to the sale because it was disclosed in a title report he received, and he expressed concern to the title company that he did not want to buy the property only "to afterwards pay an additional $276,457.11" based on the Larger Mortgage. In deciding to purchase the property, Mr. Allen relied on the response from the title company providing that "all junior liens . . . are extinguished" "[f]ollowing a first mortgage foreclosure." Mr. Allen testified that he also relied on the final judgment, including the judgment's language that characterized the foreclosed Smaller Mortgage as a "first mortgage lien" on the property and the fact that Wells Fargo was listed as a defendant in the case caption of the judgment.

In late 2018, Wells Fargo sued to foreclose the Larger Mortgage based on the borrowers' payment default, and it named Mr. Allen and his wife, Sandra Allen, as defendants (the 2018 action). At trial, Wells Fargo introduced into evidence the original note and mortgage, and it presented evidence establishing the borrowers' payment default and that the amount due was $337,290.45.

The Allens defended the 2018 action on the basis that section 702.036 limited Wells Fargo solely to money damages because it was challenging the validity of the final judgment from the 2017 action and "attempt[ing] to establish a lien on the property in abrogation of" that final judgment. They argued at trial that because the final judgment in the 2017 action foreclosed what it described as a "first mortgage lien," the judgment foreclosed all other liens on the property—including the

4

Larger Mortgage that Wells Fargo was now seeking to foreclose—and the Allens obtained clear title. *See First Mortgage*, *Black's Law Dictionary* (12th ed. 2024) (defining "first mortgage" as a "mortgage that is senior to all other mortgages on the same property"). Consequently, the Allens also counterclaimed to quiet title to the property in their favor.

After a two-day bench trial, the trial court ruled in the Allens' favor. The trial court found that there was no dispute that the recording of the Smaller Mortgage before the Larger Mortgage was an error, that the subordination agreement was recorded in the public records before the trial court issued the 2017 final judgment, and that the Allens were aware of the subordination agreement before purchasing the property. For those reasons, the trial court framed the issue as "whether the Subordination Agreement prevails over the plain language of the Final Judgment." Noting that the final judgment from the 2017 action "indicated that it foreclosed a first mortgage and that all other liens would be foreclosed," the trial court reasoned that the final judgment controlled and that, consequently, the Allens' title was protected under section 702.036. The trial court emphasized that Wells Fargo never amended its complaint in the 2017 action to reflect the subordinated status of the mortgages, that Wells Fargo submitted the form for the final judgment that the trial court signed in the 2017 action, and that Wells Fargo never appealed the final judgment from the 2017 action. For those reasons, the trial court denied Wells Fargo's claim to foreclose the Larger Mortgage and quieted title to the property in the Allens' favor.

## Analysis

Wells Fargo argues on appeal that the trial court erred by applying section 702.036 to deny its claim to foreclose the Larger Mortgage and quiet title to the property in the Allens' favor. Because the issues raised

5

in this appeal involve the application of a statute to undisputed facts, this court's review is de novo. *See Oliveros v. Adventist Health Sys./Sunbelt, Inc.*, 45 So. 3d 873, 876 (Fla. 2d DCA 2010).

Section 702.036 provides, in relevant part, the following:

> In any action or proceeding in which a party seeks to set aside, invalidate, or challenge the validity of a final judgment of foreclosure of a mortgage or to establish or reestablish a lien or encumbrance on the property in abrogation of the final judgment of foreclosure of a mortgage, the court shall treat such request solely as a claim for monetary damages and may not grant relief that adversely affects the quality or character of the title to the property, if:

> 1.    The party seeking relief from the final judgment of foreclosure was properly served in the foreclosure lawsuit as provided in chapter 48 or chapter 49.

> 2.    The final judgment of foreclosure of the mortgage was entered as to the property.

> 3.    All applicable appeals periods have run as to the final judgment of foreclosure of the mortgage with no appeals having been taken or any appeals having been finally resolved.

> 4.    The property has been acquired for value, by a person not affiliated with the foreclosing lender or the foreclosed owner, at a time in which no lis pendens regarding the suit to set aside, invalidate, or challenge the foreclosure appears in the official records of the county where the property was located.

§ 702.036(1)(a).

The trial court did not specify the manner in which it concluded that section 702.036 applied—whether because Wells Fargo was seeking to "set aside, invalidate, or challenge the validity" of the final judgment from the 2017 action or because Wells Fargo was seeking to "establish or reestablish a lien . . . in abrogation of the final judgment." *Id.* Instead, it generically concluded that "all of the conditions of" the statute "have

6

been fulfilled." The trial court's reasoning indicates that it was persuaded by the Allens' theory that because the final judgment in the 2017 action "indicated that it foreclosed a first mortgage and that all other liens would be foreclosed" without reference to any subordination agreement, the final judgment foreclosed and extinguished the Larger Mortgage as a junior lien. And because Wells Fargo sued to foreclose the Larger Mortgage in the 2018 action, the Allens' theory was that Wells Fargo necessarily challenged the validity of the final judgment from the 2017 action and sought to reestablish the since-extinguished Larger Mortgage.

At issue in this appeal is the necessary premise to the trial court's application of section 702.036, that is, that the final judgment from the 2017 action extinguished the Larger Mortgage as a junior lien. In support of that premise, the Allens note that Wells Fargo obtained a final judgment in a form that it prepared and that awarded the relief requested in its complaint—the foreclosure of a "first mortgage lien." Even though Wells Fargo had filed the subordination agreement in the public records, nothing in the final judgment itself reflects that Wells Fargo had subordinated the Smaller Mortgage to the Larger Mortgage or that the Smaller Mortgage was otherwise not a "first mortgage lien." And despite what may exist in the public records, section 702.036 protects the finality of final foreclosure *judgments*. *See id.* To the extent there was something in the final judgment that was wrong or that conflicted with what the public records revealed, it was incumbent on Wells Fargo to appeal it or otherwise seek relief to correct it.

However, the trial court's unqualified description of the 2017 final judgment as foreclosing "a first mortgage and . . . all other liens" is not supported by the text of the judgment. The judgment's language was

7

more limited, as it only foreclosed and extinguished the "rights, titles, interests, or claims, *of the Defendant(s)* and all persons, corporations, or other entities claiming by, through, or under *the Defendant(s).*" (Emphasis added.) Wells Fargo had previously dropped itself as a defendant from the 2017 action. Because Wells Fargo was not a defendant at the time the trial court issued the final judgment in the 2017 action, Wells Fargo was necessarily not one of the "Defendant(s)" described in the final judgment who had their respective "rights, titles, interests, or claims" extinguished. *See Ballantrae Homeowners Ass'n v. Fed. Nat'l Mortg. Ass'n*, 203 So. 3d 938, 940–41 (Fla. 2d DCA 2016) ("Under the common law, the foreclosure of a senior mortgage extinguishes the liens of any junior mortgages *listed in the final judgment.*" (emphasis added) (quoting *Abdoney v. York*, 903 So. 2d 981, 983 (Fla. 2d DCA 2005))). Therefore, the final judgment did not extinguish the Larger Mortgage.

The trial court and the Allens emphasized that the case caption in the final judgment still listed Wells Fargo as a defendant. But a case caption generally remains the same throughout the litigation and thus may not always reflect the current parties to the action. *See Holmes v. Area Glass, Inc.*, 117 So. 3d 492, 494 (Fla. 1st DCA 2013) (noting that "the names of the parties in the caption are never changed even when all original parties have ceased to be parties" (quoting Henry P. Trawick, Jr., *Trawick's Fla. Prac. & Proc.* § 6.2 (2010 ed.))). More importantly, a case caption cannot turn a nonparty into a party or authorize relief against a nonparty. *See In re Mocini*, No. 3:07-bk-02299, 2010 WL 11719123, at *4 (Bankr. M.D. Fla. Mar. 30, 2010) (providing that the "caption of the pleading or judgment does not control the parties to the suit or the relief requested or awarded" and that "regardless of changes in the parties to a

8

lawsuit, the names in the caption typically are not changed in Florida"); *cf. Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co. of E. Fla.*, 498 So. 2d 1346, 1347 (Fla. 5th DCA 1986) ("The general rule is that the body of the complaint, and not the caption, determines who is a party to the action."). So, despite its persistence in the case caption, Wells Fargo ceased to be a defendant after it had been dropped.

The trial court and the Allens also emphasized the final judgment's characterization of the Smaller Mortgage as a "first mortgage lien" on the property that, as such, extinguished the Larger Mortgage as a junior lien. But even presuming for the sake of analysis that the Smaller Mortgage was in fact a "first mortgage lien," the holder of a first mortgage lien cannot foreclose a junior lien held by a party that is not a defendant to the case. *See Ballantrae Homeowners Ass'n*, 203 So. 3d at 941 ("It is well settled that when a junior lienor is omitted as a party to a foreclosure action brought by a senior mortgage holder, 'the lien of the junior mortgagee is unaffected by the judgment.' " (quoting *Abdoney*, 903 So. 2d at 983)). As noted, Wells Fargo was not a defendant—nor was it seeking to extinguish the Larger Mortgage—at the time the trial court issued the final judgment in the 2017 action. The final judgment therefore did not affect the Larger Mortgage in any way, meaning the Larger Mortgage still encumbered the property when Mr. Allen bought it. Consequently, the question of whether the Smaller Mortgage was or was not a "first mortgage lien" and, more generally, the issue of the respective priority of Wells Fargo's mortgages—and the effect of the subordination agreement on the priority of the mortgages—are immaterial to the resolution of this appeal.

Indeed, had Wells Fargo still been a defendant, the trial court arguably could have extinguished the Larger Mortgage notwithstanding

9

the subordination agreement. Wells Fargo sought in its complaint to foreclose the Smaller Mortgage and to extinguish all other lien rights held by the defendants, which included any rights that it held in its capacity as the mortgagee of the Larger Mortgage. If Wells Fargo had still been a defendant, then both parties to the subordination agreement would have been parties to the lawsuit (Wells Fargo in its capacity both as the mortgagee for the Larger Mortgage and as the mortgagee for the Smaller Mortgage). Under those circumstances, Wells Fargo—which would have benefitted from the subordination agreement as the mortgagee for the Larger Mortgage—would have been seeking relief inconsistent with the subordination agreement. *Cf. Visible Difference, Inc. v. The Velvet Swing, L.L.C.*, 862 So. 2d 753, 755 (Fla. 4th DCA 2003) ("[A] party may waive a covenant of a contract for whose benefit it is inserted." (quoting *Am. Ideal Mgmt., Inc. v. Dale Vill., Inc.*, 567 So. 2d 497, 501 (Fla. 4th DCA 1990))).

Moreover, even if the subordination agreement had the effect on the 2017 judgment that Wells Fargo contends it did—swapping priority such that the Larger Mortgage survived the foreclosure of the Smaller Mortgage[1] notwithstanding language that "the property will be sold free and clear of all claims of the Defendant(s)"—that would not avoid application of section 702.036 to the subsequent 2018 foreclosure

---

[1] It is questionable whether the subordination agreement was even necessary to swap priority of the mortgage liens. For purposes of determining lien priority, Florida is a "notice" jurisdiction. *See Argent Mortg. Co. v. Wachovia Bank N.A.*, 52 So. 3d 796, 801 (Fla. 5th DCA 2010). Wachovia Bank was the original mortgagee for the two mortgages at issue in this case. It is only reasonable to conclude that Wachovia Bank had actual knowledge at the time it executed the Smaller Mortgage that it had previously executed the Larger Mortgage two days prior, so it necessarily took the Smaller Mortgage subject to the priority of the Larger Mortgage notwithstanding the fact that it recorded the Smaller Mortgage first.

action. Had the trial court erroneously extinguished Wells Fargo's senior mortgage lien in the course of foreclosing its junior mortgage lien as Wells Fargo argues, *see Bank of Am., N.A. v. Kipps Colony II Condo. Ass'n*, 201 So. 3d 670, 675 (Fla. 2d DCA 2016) ("A foreclosure . . . 'does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed.' " (quoting *U.S. Bank Nat'l Ass'n v. Bevans*, 138 So. 3d 1185, 1187 (Fla. 3d DCA 2014))), Wells Fargo's recourse would have been to appeal the erroneous judgment. But in the absence of an appeal, the finality afforded to foreclosure judgments by section 702.036—even erroneous foreclosure judgments—would control, and Wells Fargo's relief would be statutorily confined to monetary damages as a result.

However, the final judgment in the 2017 action did not erroneously extinguish a senior mortgage in derogation of the subordination agreement; as explained above, it had no effect on the Larger Mortgage at all. As such, the trial court misapplied section 702.036 to deny Wells Fargo's claim to foreclose the Larger Mortgage and to quiet title to the property in the Allens' favor. The necessary premise to the trial court's rationale that the final judgment in the 2017 action extinguished the Larger Mortgage was incorrect. Wells Fargo still held the Larger Mortgage on the property notwithstanding the foreclosure of the Smaller Mortgage from the 2017 action, meaning Wells Fargo was not seeking to—nor did it need to—"set aside, invalidate, or challenge the validity" of the 2017 final judgment or "establish or reestablish a lien . . . in abrogation of the [2017] final judgment" in the 2018 action. § 702.036(1)(a). For that reason, section 702.036 did not apply to the 2018 action, and Wells Fargo's relief was therefore not limited to monetary damages.

11

The trial court's final judgment is reversed. Because the sole basis for the trial court's ruling was its application of section 702.036 and the record otherwise establishes Wells Fargo's entitlement to foreclose the Larger Mortgage, the case is remanded for the trial court to enter a judgment foreclosing the Larger Mortgage and denying the Allens' quiet title claim.

Reversed and remanded with directions.

SMITH and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.